## STAMMERS *vs.* MACOMB.

*Where a feme covert has a separate estate vested in a trustee, and services are rendered on the estate, and credit for such services is given to her, the husband is not liable.*

THIS case came before the court on a special report of referees, in which they certified a balance in favor of the plaintiff of $53 45, subject to the opinion of the court on the following state of facts : The demand of the plaintiff was for services rendered by him as a miller in a mill at Kingsbridge, which belonged to the wife of the defendant, it having been conveyed by a third person to James Renwick in trust for the wife of the defendant, as and for her separate estate, and to and for her use, free from any control or interference of her husband, and free from liability for any of his debts or engagements. The estate had been purchased with the separate funds of the wife, and the business of the mill was carried on and conducted in the name of the wife, and all the accounts were kept with and in her name, as well by the plaintiff as by others. The plaintiff was fully aware of such mode of conducting the business, and the account produced by him at the hearing was made out against the wife. It was not shewn by whom the plaintiff was actually employed, though it appeared that the defendant, in negotiations and transactions about the business of the mill with other persons, had the principal agency and direction, but yet acted in the name of his wife.

*J. Edwards,* for plaintiff, moved for judgment, contending that whenever a *feme covert* is permitted to carry on business

as a *feme sole* with the assent of her husband, he is liable for her debts. He is liable upon his *presumed* authority to her to do all necessary and proper acts for the purpose of carrying on the business in which she is engaged. (2 *Roper's Husband and Wife*, 172. 1 *East*, 432.) The husband has a complete indemnity against the sole estate of the wife or the funds in trade. (2 *Roper*, 175.) Unless the action is sustained, a bill in equity must be filed.

*S. A. Talcott,* (attorney general,) for defendant. The report of the referees should be set aside as wholly irregular and unwarranted by the statute. The proceedings before referees can only be reviewed on affidavit of what transpired before them. (8 *Cowen*, 136.)

The separate property of the wife was liable, and the remedy should have been sought against it. The trustee was bound to apply the funds arising from the estate to the satisfaction of the demands against the wife. (1 *Vesey, sen.* 518. 1 *Bro. Ch. R.* 20, 21. 2 *P. Wms.* 144. 2 *Vesey, sen.* 193.) The doctrine of assent to a separate business by the wife does not apply where there is a trustee. (11 *Johns. R.* 281. 12 *id.* 250. 1 *Bacon's Abr. tit. Baron & Feme, H.*) In such case the responsibility of the husband, arising from the relation of husband and wife, is excluded. The wife acts as the agent of the trustee, not by the assent of her husband. If the credit is given to the wife, the husband is not liable though the wife lives with him; (5 *Taunton,* 356; 3 *Campb. N. P.* 22, 3;) and the plaintiff having once given credit to the wife, could not shift his claim so as to charge the defendant. (1 *Carr. & Payne,* 16.)

*By the Court,* SUTHERLAND, J. The mills in which the plaintiff was employed were the separate estate of the wife of the defendant Macomb. They were purchased with her money, and conveyed to James Renwick in trust for her, for her use, free from any control or interference of her husband. The business of the mills was carried on in the name of Mrs. Macomb; all the accounts were kept in her name; and the plaintiff's account, on which this action was brought, was made out against Mrs. Macomb, and not against her husband,

NEW-YORK,
May, 1829.

Stammers
v.
Macomb.

the defendant. The referees state that the plaintiff appeared to be fully aware that the accounts were kept with and in the name of Mrs. Macomb by all persons doing business at the mills during the whole period of his employment as miller, but that it did not appear by whom he was actually engaged or hired. The question presented in this case is, whether the defendant is liable for the balance of wages due to the plaintiff. There can be no doubt that the plaintiff originally gave credit to Mrs. Macomb and looked to her for payment, and not to the defendant. The fact of his account having been made out against her, in addition to the circumstance that all the business of the mills was conducted in her name during the whole period of his service there, leaves no question upon this point.

In *Metcalf* v. *Shaw*, (3 *Campbell*, 22,) and *Bently* v. *Griffin*, (5 *Taunt*. 356,) it was held that a husband was not liable for goods furnished to his wife by a tradesman if the credit was given to her, though she was at the same time living with her husband. The present case is much stronger: the credit was not only given to the wife, but the property, in the management of which the plaintiff was employed, was her separate estate, in relation to which, for most purposes, the law regards her as a *feme sole*. She had a right to dispose of it as she pleased; she was entitled to be maintained by her husband, and was not bound to appropriate the proceeds of her separate estate either to her individual support or to the support of her husband and family. It would be unjust, under such circumstances, to make the husband personally liable for services rendered in relation to the separate estate of his wife. There is no equitable or legal consideration on which his liability can be sustained where the credit was given exclusively to the wife. The plaintiff has his remedy in equity against the separate estate of the wife by following it in the hands of her trustee. (1 *Ves*. 518. 2 *Ves*. 193. 1 *Brown. Ch*. 20. 2 *P. Wms*. 144. 1 *Bac. Abr*. 488, *Baron & Feme*. 17 *Johns. R*. 548. 2 *Kent's Com*. 137.)

Judgment for defendant.