Simmons *v.* McElwain.

---

## SIMMONS *vs.* McELWAIN.

Although a deed from a husband to his wife is void in law, yet such a grant will be upheld in equity, when it is necessary to prevent injustice.

Where the wife, in good faith, and for a valuable consideration paid out of her separate estate, has purchased land which is conveyed to her by her husband, she obtains an equitable right to it, which a court of equity will recognize and protect.

Where a married woman, having a separate estate, proceeds to make improvements upon it, and for that purpose employs mechanics to furnish materials and erect a dwelling-house, the debt thus contracted is her debt, and not that of the husband, and he cannot be compelled to pay it.

Nor will a conveyance of the property, by the wife, to her husband, carry with it an obligation to pay her debts. The property itself may be charged, in his hands, but there is no personal liability, on his part.

THIS was an appeal from a judgment on the report of a referee. The action was brought to recover three several demands: one in favor of George Lawrence, amounting to $264.50, for carpenter's work in building a house; another in favor of Wolford and Stephenson, amounting to $297.56, for mason's work on the same house, and the other in favor of Thomas W. Blatchford, amounting to $58, for a physician's bill. All these demands had been assigned to the plaintiff before this action was brought. After issue had been joined, and before trial, the defendant offered to allow the plaintiff to take judgment against him for $62, which offer was not accepted. The cause was referred to Isaac Edwards, Esq., as sole referee.

The facts established upon the trial are as follows: the defendant was married to Janette Cook, in May, 1850. At the time of the marriage, the wife had a separate estate in the hands of her brother, Samuel G. H. Cook, to the amount of about $600. Soon after the marriage, the defendant purchased about eight acres and a half of land near the village of Cohoes, and, on the 20th of June, 1851, he conveyed directly to his wife, by deed, two acres of this land, for which he received from her brother $400. In September following, Mrs. McElwain entered into a written contract with Lawrence, by which, for certain stipulated prices, he agreed to furnish materials and do the carpenter's work in building a house upon the land conveyed to her by her husband. About the time this contract was made, Mrs. Janette C. Huntington, with whom Mrs. McElwain had resided before her marriage, placed in the hands of her brother, Mr. Cook, $1600, subject to the order of Mrs. McElwain, and to be paid out for the work done and materials furnished in building the house. The payment of this money was secured to Mrs. Huntington by a mortgage upon the premises, executed by the defendant and his wife.

Simmons *v.* McElwain.

The work performed by Lawrence, and the materials furnished by him under his contract, amounted to $796.50, of which $535 was paid by Mrs. McElwain, or her brother for her, as the work progressed, leaving a balance of $261.50 unpaid.

Wolford and Stephenson also performed the mason work in building the house, under a contract made with Mrs. McElwain, she at the time informing them that her brother was her banker and that she had a fund of $2500 to pay for building the house. Their work amounted to $1114.94, the whole amount of which was paid, except $297.56. The referee also found that after the work was done, the defendant proposed both to Lawrence and to Wolford and Stephenson, to assign a certain debt due him for the purpose of paying these balances, but no such arrangement was ever made. On the 11th of June, 1852, Mrs. McElwain conveyed the premises, by deed, to the defendant, and, being in ill health, left home on the same day for the sea side where she remained during the summer. In September she returned to Troy, where she remained until February following, when she died. The defendant has continued in the possession of the house since its completion. Mrs. McElwain left a will whereby she devised and bequeathed all her estate to her brother.

The bill for medical services, assigned to the plaintiff, accrued during the illness of Mrs. McElwain, in Troy. The referee decided that the defendant was liable for this bill, but not for the balances due to Lawrence and Wolford and Stephenson. The report was in favor of the plaintiff for $67.14. This amount not being more favorable to the plaintiff than the offer of the defendant, the latter became entitled to costs subsequent to the offer. The costs being adjusted between the parties, judgment was rendered for the plaintiff for $59.22. From this judgment the plaintiff appealed to the general term.

*M. I. Townsend,* for the plaintiff.

*J. H. Reynolds,* for the defendant.

Simmons *v.* McElwain.

*By the Court,* HARRIS, J. It is true that the deed from the defendant to his wife, was void in law, for a husband cannot, during coverture, make a grant or conveyance to his wife. But such a grant will be upheld in equity, when it is necessary to prevent injustice. (*See Shepard* v. *Shepard,* 7 *John. Ch.* 57, *and cases there cited;* 2 *Kent's Com.* 156.) In this case, the wife, in good faith, and for a valuable consideration, paid out of her separate estate, purchased the land conveyed to her. She thus obtained an equitable right to it, which a court of equity will recognize and protect.

Having thus acquired an equitable title to the land, she proceeded to make improvements upon it, and, for this purpose, employed mechanics to erect a house. The contracts she made with them were for the benefit of her own separate estate. In undertaking to furnish materials and perform the work, they were to look to Mrs. McElwain, and not the defendant, for compensation. The debt thus contracted was her debt, and not that of the defendant. It was for the benefit of her estate, and not his. It might be charged upon her separate estate. The husband incurred no personal liability. (*See Stammers* v. *Macomb,* 2 *Wend.* 454; *Dickerman* v. *Abrahams,* 21 *Barb.* 551.)

So far as the case depends upon questions of fact, these have been disposed of by the referee. His decisions are supported by the testimony. Mrs. McElwain not only contracted for the work, but it was done upon the credit of her separate estate. Nor is there any thing in the case which required the referee to find that the defendant ever assumed the payment of her debt. He proposed to assign certain demands in order to provide the means of payment, but this proposition was not accepted, and no obligation to pay the debt can be inferred from it.

Nor did the re-conveyance of the property by Mrs. McElwain to her husband, carry with it an obligation to pay her debts. The property itself might be charged in his hands, but there was nothing in the transaction which could create a

personal liability. Upon the whole, I think the case has been correctly decided by the referee. The judgment should therefore be affirmed. The costs to which the defendant will be entitled on this appeal will probably exceed the amount of the judgment recovered by the plaintiff. If so, these costs should be applied to satisfy that amount, and the defendant should have judgment only for the excess.

[ALBANY GENERAL TERM, May 4, 1857. *W. B. Wright, Harris* and *Gould,* Justices.]