ROBERT B. LOWRY, AS RECEIVER, ETC., RESPONDENT, v. WILLIAM SMITH AND OTHERS, APPELLANTS.

*Trust — when may be established by parol evidence — Judgment against debtor — subordinate to wife's equities — Sale of husband's land by receiver — wife's dower — provision for.*

In an action brought by a receiver in behalf of judgment creditors to set aside, as fraudulent, a conveyance from a husband to his wife, the defendants offered to show that the land was conveyed to the husband by the wife's father at a time when the father expected to die, upon the payment of $600 by the husband, he agreeing to convey the land to the wife as soon as this amount was repaid to him by her; that the father had formerly agreed with the wife to give her this land; that she was not present at the time of the conveyance to the husband, nor did she know that the deed was taken in the name of her hus-

band for more than a year thereafter. *Held*, that the evidence should have been received; that if true, it imposed upon the husband, if not a legal, at least a moral obligation to convey the property to the wife, and that a conveyance made in pursuance thereof was not fraudulent as against his creditors.

Judgment creditors of a husband are not *bona fide* purchasers from him, and their rights are subordinate to the equities of the wife.

Where a receiver, appointed in proceedings supplementary to execution, brings an action to set aside, as fraudulent, a conveyance made by a husband to his wife, and obtains a judgment therein directing a sale of the land, such sale must be made subject to the wife's inchoate right of dower. The court has no authority to direct the payment to the wife of the estimated value of her inchoate right of dower, in lieu thereof.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

The action was brought by the plaintiff, who had been appointed the receiver of the defendant William Smith in proceedings supplementary to execution, to set aside, as fraudulent, a conveyance of certain land made by the defendant Smith to his wife.

*Vary & Stone*, for the appellant.

*J. McNaughton*, for the respondent.

LEARNED, P. J.:

This is an equitable action, and therefore, although the deed from Smith to his wife be void at law, it may be upheld here, if it be otherwise equitable. (*Simmons* v. *McElwain*, 26 Barb., 419.)

As against the judgment creditors of Smith, seeking to set aside this deed, it is competent to show the equities of the wife. Such creditors are not *bona fide* purchasers from Smith, against whom the equities of the wife could not prevail. (*Siemon* v. *Schurck*, 29 N. Y., 598; S. C., 33 Barb., 9.)

The sixty-five acre lot was conveyed by Davis, the father of Mrs. Smith, to Smith in 1856; Smith paid $600. Davis intended the overplus for his daughter. The defendants offered to show that, at the time, Davis expected to die; that he attempted to make a disposition of his property; that Mrs. Smith was to have the sixty-five acre lot less $600; that Smith was directed to have the deeds drawn to that purpose; that the deed was drawn and brought to Davis and his wife in the absence of Mrs. Smith; that the parties

to the deed agreed by parol that Smith should hold the deed as security for the repayment to him of the $600, and that when said sum was paid the land should be deeded to Mrs. Smith. The plaintiff objected and the evidence was excluded, and defendants excepted.

It was in evidence that there was a parol agreement between Mrs. Smith and the father, in respect to the land, before the deed was executed ; on the objection of the plaintiff the court excluded evidence as to what the agreement was ; and the court also excluded evidence that Mrs. Smith did not consent that the deed should be executed to her husband.

The evidence should have been admitted ; it tended to show that (above the $600) the land was a gift from Davis to Mrs. Smith. If this were so, then Smith was in justice and equity bound to convey it to his wife ; and if he has voluntarily done what equitably he ought to have done, the conveyance is not a fraud on his creditors.

It is suggested that the agreement was by parol, and void under the statute of frauds. But " the transactions out of which a trust of this character arises may be proved by parol, but the trust itself must rest upon the acts or situation of the parties as proved." (*Foote* v. *Bryant*, 47 N. Y., 544.) The trust rested on the situation of these parties, in that Smith, without the knowledge of Mrs. Smith, had received a deed to himself of property, intended by the grantor as a gift to her. Even if Mrs. Smith could not have compelled Smith to convey to her, yet in the language of the case last cited, it was competent for him to regard her equitable rights and to secure them by a conveyance, and he was under the highest moral obligation to do so.

The judgment in this case requires the plaintiff, as receiver, to sell the lands and to pay off two mortgages thereon. The mortgagees are parties, and do not appeal ; they cannot complain, therefore, whether or not the mortgages are now payable.

The judgment further directs the payment to Mrs. Smith of her inchoate right of dower. The creditors have no right to interfere with this. If the conveyance to her is shown to be void as against Smith's creditors, still she had, or has, her inchoate right of dower. That cannot be sold by a judgment creditor, and the estimated

value paid to her in lieu thereof. A sale under judgment and execution would be made subject to her dower right; so, too, must be the sale by the receiver, if he should recover.

The judgment must be reversed and a new trial granted, costs to abide the event.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment reversed, new trial granted, costs to abide event.