C. J. BENNETT, Doing Business as G. M. THOMPSON COAL & LUMBER CO., Appellant, v. P. AUGUSTUS HOPKINS et al., Respondents. FRANK SCHELAH et al., Doing Business as SCHELAH BROS., Appellants, v. P. AUGUSTUS HOPKINS et al., Respondents. W. R. SLOCUM, Appellant, v. P. AUGUSTUS HOPKINS et al., Respondents.— Appeal from an order of the Supreme Court at Special Term, entered in Madison County, which dismissed the amended complaints against the defendant P. Augustus Hopkins, as insufficient, under rule 106 of the Rules of Civil Practice. Each amended complaint is identical in respect to the allegations under review. It is alleged that Florence T. Hopkins owned a parcel of land; that she entered into an agreement with plaintiff to furnish materials and labor in connection with the construction of a house thereon, and promised and agreed to pay therefor. That after plaintiff commenced performance said Florence T. Hopkins conveyed the property to herself and her husband, defendant P. Augustus Hopkins, and both defendants executed a mortgage thereon after plaintiff had

partially performed and had enhanced the value of the property. It is further alleged that by such conduct and by other acts and conduct, defendant, P. Augustus Hopkins "ratified, confirmed and adopted" the agreement made by Florence T. Hopkins and was unjustly enriched by the performance of plaintiff. Each complaint then seeks to recover from each defendant personally a balance alleged to be due under the agreement made by Florence T. Hopkins. We think that Special Term correctly held that the complaints failed to state causes of action against P. Augustus Hopkins. It is to be noted that there is no allegation that Florence T. Hopkins acted as agent for her husband in making the agreement and no allegation that he ever assumed the obligation or agreed to obligate himself to pay. It should likewise be noted that the complaints do not involve the Lien Law or seek to set aside the deed to P. Augustus Hopkins. They purport to assert a personal liability on his part. To allege that he, by his acts, "ratified, confirmed and adopted" the express contract of another, or the legal conclusion that he was "unjustly enriched", with no allegation that he expressly or impliedly made any agreement himself, is not enough. (*Simmons* v. *McElwain,* 26 Barb. 419.) Order unanimously affirmed, with $10 costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.