■ JOHANNES JOHNSON, Respondent, v. EDWARD R. SACHS, Appellant.— Appeal from an order of the Supreme Court, Special Term, Albany County, which denied defendant's motion to dismiss the complaint for insufficiency. The first cause of action alleges that defendant, "purporting to act as the manager of * * * Lloyd's Opticians, Inc., entered into a written contract" with plaintiff's assignor whereby the latter agreed to make specified improvements to certain premises, for which the corporation agreed to pay a fixed sum. It is further alleged that "in and by said contract defendant represented that said Lloyd's Opticians, Inc. was the 'owner' of said premises"; that it was not, in fact, the owner, as defendant knew; that plaintiff proceeded to perform and complete the contract in reliance upon the representation as to ownership; that defendant, though knowing of plaintiff's reliance upon the representation, failed to disclose its falsity; and that, since the corporation was not the owner, plaintiff was unable to enforce a mechanic's lien against the premises and was damaged in the amount of the unpaid balance of the contract price. The first cause of action was properly sustained as charging "'a deceptive silence accompanied by an intention to defraud'" (*Lord Constr. Co. v. Edison Portland Cement Co.*, 234 N. Y. 411, 416). Such a wrong would

clearly constitute one of those "independent torts or predatory acts" on the part of the corporate agent such as to deprive him of "refuge behind the mantle of immunity." (*Buckley* v. *112 Central Park South*, 285 App. Div. 331, 334.) The first cause of action might well be sustainable, if need be, upon the additional ground that the plaintiff might properly rely upon the affirmative representation made to his assignor (see *Kuelling* v. *Lean Mfg. Co.*, 183 N. Y. 78; 23 Am. Jur., Fraud and Deceit, § 118, pp. 904–905) but this ground was not argued and we need not now explore it. In our view, however, the Special Term erred in denying the motion with respect to the second cause of action which alleged the ownership by defendant of a lease-hold interest in the premises improved, the insolvency of the corporation and defendant's unjust enrichment as a result of the improvement, in the amount of the unpaid balance of the contract price. The allegation that defendant was unjustly enriched is a legal conclusion (*Bennett* v. *Hopkins*, 284 App. Div. 1084) insufficient in the absence of an allegation of wrongful conduct. (See *People ex rel. Dusenbury* v. *Speir*, 77 N. Y. 144, 150; *Towner* v. *Berg*, 5 A D 2d 481, 484; Restatement, Restitution, § 40, p. 155.) Order modified by reversing so much thereof as denied defendant's motion to dismiss the second cause of action of the complaint, and so as to provide that said cause of action be dismissed, with leave to plaintiff to serve an amended complaint within 20 days after service of a copy of the order to be entered herein and notice of entry and, as so modified, affirmed, without costs. Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ., concur.