NEW-YORK,
May, 1811.

BAKER
v.
BARNEY.

———※ ☙ ※———

## BAKER *against* BARNEY.

If a husband and wife part, by consent, and the husband secures to her a separate maintenance, suitable to his condition in life, and pays it according to agreement, he is not liable for articles furnished to his wife; not even for necessaries. And the general reputation of the separation will be sufficient. But where the agreement on the part of the husband to pay a certain sum to his wife, or a separate maintenance, was not reduced to writing, and no evidence of any payment having been made by him to her, he was held liable for goods furnished to his wife, during the separation.

IN error, on *certiorari*, from a justice's court. The return stated, that *Barney* sued *Blake* before the justice, and declared for goods sold to $11 97. The defendant plead *non assumpsit:* and there was a trial by jury. The plaintiff proved the sale and delivery of the goods to the *wife* of *Baker*, on the 7th *January*, 1809, and his clerk proved that the common report, at that time, was, that *Baker* did not live with his wife. *Barney* proved that he and his wife, in *December*, 1808, *parted by consent*, about seven weeks *before* the goods were delivered to her; and that he was to give her $1,000; and that she resided at a different place. It did not appear that when *Baker* and his wife parted, and he agreed to give her $1,000, that any writings passed; but in the spring of

1809, it was understood that the writings between the husband and wife were executed. No evidence was given of any payment by *Baker* to his wife.

· *Skinner*, for the plaintiff in error.

*Foot*, contra.

*Per Curiam.* If the husband and wife part by consent and he secures to her a separate maintenance, suitable to his condition and circumstances in life, and pays it according to agreement, he is not answerable even for necessaries; and the general reputation of the separation will, in that case, be sufficient. It was so ruled by *Holt*, Ch. J. in *Todd* v. *Stokes;* (1 *Salk.* 116.) and this general doctrine seems to have been conceded in *Nurse* v. *Craig,* (5 *Bos. & Pull.* 148.) in which case all the authorities are carefully reviewed, and the extent of the husband's responsibility, when he and his wife part by consent, fully and ably discussed. . The court in that case laid great stress upon the circumstance of the due security and punctual payment of the pecuniary maintenance allowed to the wife. In the present case, the husband and wife had parted, by consent, a few weeks prior to the sale of the goods, but the contract was not reduced to writing until the spring following; and there was no evidence of payment of any part of the sum agreed to be given to the wife. The whole rested in a naked promise, without validity, and if the husband was from that time to be discharged from responsibility for necessaries, the wife might have been left to subsist on charity. The goods taken up in this case, cannot be considered as unreasonable or improper; and the defence below failed from the want of showing, that at the time of the sale of the goods, the allowance was punctually paid or secured according to the agreement. The judgment must therefore be affirmed.