LOCKWOOD v. THOMAS.

THIS was an action of *assumpsit*, for goods sold to the defendant, and delivered to his wife, and also for the price of several articles of apparel, and other necessaries, furnished by the plaintiff to the wife. The cause was tried in *July*, 1814, before his honour, the chief justice.

The articles, for the price of which the action was brought, were delivered previously to the 1st *January*, 1814, and the value of them, with interest, amounted to one hundred and twenty-seven dollars, and twenty-five cents. They were proved to have been necessary and suitable to the rank, degree, and station in life of Mrs. *Thomas*.

The defendant offered in evidence, a deed executed, *January* 14, 1800, by Mrs. *Thomas*, previous to her marriage with the defendant, to her father, *Stephen Hogeboom*, of several pieces of land, in trust to her sole and separate use. The admission of this deed was objected to, but it was admitted by the judge, subject to the opinion of the supreme court.

The defendant also gave in evidence, the will of *Stephen Hogeboom*, who died on the 4th *April*, 1814, about two months after

*Where a husband and wife separate, without any provision being made for her maintenance, the husband is liable for necessaries furnished her, suitable to his condition in life.*

*Whether the circumstance that the wife has a separate estate of her own will exonerate the husband from providing for her maintenance, and how far it will have that effect? Quære.*

this suit was commenced, by which he devised to trustees, with a power of sale, an estate, of the value of twelve thousand dollars, in trust for the sole and separate use of Mrs. *Thomas.*

On or about the 1st of *May,* 1813, the defendant ceased to keep house, and made no provision for the support of his wife ; soon after that period, she came, at the instance of her husband, to the house of *John Russel,* esq., (a witness in the cause, who testified to those facts,) in the village of Troy, and, with her servant, boarded with him, at the rate of five dollars per week , her room to be furnished by herself; expecting that an arrangement would be made for a permanent separation from her husband ; but as nothing was done towards completing such an arrangement, on the part of the defendant, Mrs. *Thomas* consulted the witness as to the course which she ought to pursue ; who advised her to take up such goods and articles, upon the credit of her husband, as she would be able and willing to pay for, if the arrangement between her and her husband should be completed; and she accordingly purchased the goods in question. The defendant had only furnished his wife fifty dollars, since she came to reside with the witness, and having refused to pay her board, he sued him for it, and no part of it had been paid, until *May,* 1814, after the return of the writ in the present suit. The real property, mentioned in the deed, produced annually from 100 to 120 dollars; but a part of it had been sold for 2000 dollars, and the defendant received part of the consideration money, and the securities for the residue. Mrs. *Thomas* had also a personal estate which yielded, several years ago, about eighty dollars per annum, but 400 dollars of the principal of her personal fund had been expended previously to *May,* 1813. While her principal was entire, the money received by her, per annum, never exceeded 200 dollars, which was insufficient to purchase her necessary clothing, even if her husband paid for her board. Most of the property to which Mrs. *Thomas* was entitled, under her father's will was unproductive, and the present suit was commenced before her title to it accrued. Mrs. *Thomas,* from motives of economy, had agreed to furnish her room, and therefore, several articles had been necessarily purchased this year, which would be unnecessary hereafter. The defendant was now worth about 50,000 dollars, and had supported his wife several years, while he lived with her, in a respectable manner.

A verdict was found for the plaintiff, for one hundred and

twenty seven dollars, and twenty five cents, subject to the opinion of the court on the above case.

YATES, J., delivered the opinion of the court. The husband is bound, by law, to provide necessaries for his wife, as much as for himself; and if she contracts debts for them, he is obliged to pay such debts; but for any thing beside necessaries he is not chargeable: and what are necessaries must be ascertained by a jury, from the rank and circumstances of her husband. (1. *Black. Com.* 442.) Where there is cohabitation, the principle cannot be questioned, because that, of itself, is deemed evidence of his assent to contracts, by her, for necessaries. When the husband and wife are separated, and a sufficient amount in money has not been given to supply the wife with necessaries, the law also makes it his duty to maintain her. And when the law imposes a duty, it raises a promise on the part of the person on whom it is imposed, to discharge it. These principles are well established, and have been recognised by this court, in several instances. (8 *Johns.* 73. 11 *Johns.* 233.)

It appears that Mrs. *Thomas* went to the house of *Mr. Russell,* not only with the knowledge, but at the instance, of her husband; it ought not therefore to be urged, that a compliance on her part with his request could possibly exonerate him from the obligation of maintaining her. He must have expected and intended, at the time, to have provided her with necessaries suitable to her condition in life. From the smallness of Mrs. *Thomas's* annual income, out of her separate estate, it is evident she could not be supported according to her rank and condition in life. The property she is entitled to, by the will of her father, she received after the commencement of this suit; that, of course, cannot now be brought into view. Admitting, then, that the inquiry, as to the deed to the trustee, was admissible, the amount is too inconsiderable to affect the verdict in this suit. It appears that she came to the house of Mr. *Russel,* on or about the 1st of *May,* 1813, and the present suit was commenced about *February,* 1814, nine months afterwards, during which period her husband had paid her 50 dollars, toward her clothing and the expenses of her servant; her board he paid after the commencement of this action, on being prosecuted for it. The whole annual income

of her property, at the time this debt was contracted, after deducting from her real estate, the consideration money for what has been sold and received by the defendant, and 400 dollars, the amount of the diminution of her personal estate before *May*, 1813, according to the most liberal calculation in favour of the defendant, could not have exceeded 180 dollars; a sum, in my view, wholly inadequate to defray the expenses necessary for her maintenance, the first year after their separation, admitting that her board had been paid by him. It cannot be deemed extravagant or improper for her to have furnished her own room. Mr. *Russell*, the witness, states, that she was induced to do it from motives of economy, and, therefore, several articles had been purchased the first year, which would be unecessary thereafter.

The defendant had supported his wife for several years, while he lived with her, in a respectable style, and is worth about 50,000 dollars, so that, according to her condition in life, Mrs. *Thomas* cannot be charged with profusion in her expenses; a furnished room and a servant appear to me indispensable. Making, therefore, the necessary allowance for the means of support in her own power, I do not think that the goods taken up, amounting, with interest, to 124 dollars and 25 cents, (it being the first, and, consequently, the most expensive year since she lived separate from her husband,) can be considered as unreasonable and improper. My opinion, therefore, is, that judgment be entered in favor of the plaintiff for the amount of the verdict.

*Judgment for the plaintiff.*