# W. PIDGIN vs. J. P. CRAM.

Where a husband and wife separate by mutual consent, and the husband makes
a contract with a third person to maintain the wife—the wife, if she leave
such third person voluntarily and without any just cause, will not carry with
her authority to pledge the credit of her husband for her support.

But it will be otherwise, if she be driven from the house of such third person
by improper usage there.

In order to charge a parent with supplies furnished to his infant child without
his direction, some clear and palpable omission of duty on the part of the
parent, in not furnishing necessaries, must be shown.

ASSUMPSIT upon an account annexed to the writ, for sundry articles furnished for the use of Mary Cram, the wife, and Martha Cram, the daughter, of the defendant, between the 25th February and the 7th December, 1833.

The cause was tried at October term, 1836, on the general issue, when it appeared that the defendant was married to the said Mary on the 28th May, 1818. They lived together until some time in October, in the same year, when they separated, and have never since lived together. Some time within three or four months after they separated, their daughter Martha was born.

Soon after the separation, the defendant made a contract with the wife's father, to maintain and support her so long as she should live separate and apart from him. And on the 19th October, 1818, the father gave the defendant a bond in the sum of $1000, with condition to that effect. And it appeared that the wife's father had ever since been of sufficient ability to maintain her.

Mrs. Cram resided with her father until 1832, when she left his house on account of some misunderstanding between her and her mother-in-law, whom her father had married not long before that time.

She went, upon leaving her father's house, to Dover, with her daughter; and there the plaintiff furnished her and her

daughter with the articles mentioned in the account annexed to the writ.

A verdict was taken, by consent, for the plaintiff, subject to the opinion of the court upon the above case.

*Christie*, for the plaintiff.

*Bartlett*, for the defendant.

RICHARDSON, C. J., delivered the opinion of the court.

We shall, in the first place, consider whether the defendant in this case is, under the circumstances, liable for the supplies furnished to his wife?

A husband is entitled to the earnings of his wife, even when he lives apart from her and in adultery with another woman. 7 *Pick.* 65, *Russell* vs. *Brooks;* 2 *Chitty's R.* 117, *Glover* vs. *The Proprietors of Drury Lane.*

And a husband is bound to maintain his wife suitably, and according to his condition and circumstances in life. 5 *Car. & Payne* 200, *Reed* vs. *Moore;* 6 *do.* 419, *Dennys* vs. *Sargeant.*

If a wife quits her husband's house, without his consent and against his will, she carries with her no authority to pledge his credit for her support and maintenance. 6 *B. & C.* 200, *Hindley* vs. *Westmeath.*

But if a husband by his improper conduct compels a wife to leave his house, he gives her authority to pledge his credit for necessaries. 3 *Taun.* 421, *Harwood* vs. *Heffer;* 1 *Car. & Pay.* 502, *Montague* vs. *Espinasse;* 2 *do.* 22; 3 *Bingham* 127, *Houliston* vs. *Smith.*

If a husband and wife separate in pursuance of a valid agreement, which contains no provision for her support, she will carry with her authority to pledge his credit for her maintenance. 6 *B. & C.* 200, *Hindley* vs. *Westmeath;* 8 *Taun.* 343, *Barrett* vs. *Booty;* 2 *Stark. N. P. C.* 86, *Liddlow* vs. *Wilmot;* 11 *Johns.* 281; 12 *do.* 293.

When a separation takes place by agreement between husband and wife, and a suitable provision is made for her support, she has no authority to pledge his credit for her support.  8 *John.* 72, *Baker* vs. *Barney ;* 1 *Salkeld* 116 ; 5 *B. & P.* 148.

There is, however, this exception to the last rule, that if she is to be supported by a stipulated allowance by him, whenever he fails to pay the allowance she may pledge his credit for her support.  5 *B. & P.* 148, *Nurse* vs. *Craig.*

In the case now before us, the separation took place by mutual consent, and the husband is liable for her support, unless he has made suitable provision for her maintenance, of which she can avail herself.  And to show this, the burden of proof is upon the husband.  But he having placed the wife with her father, who is of sufficient ability, under a contract by the father to maintain her, this, *prima facie*, exonerates the husband.  And, to maintain this action, the plaintiff must show that she is deprived of that support without her fault, so that the defendant may have a remedy on the bond against her father, if the condition has been broken.  If the wife voluntarily and without any just cause, left her father's house, it is clear that the defendant is not liable for the articles furnished for her use.  If, on the other hand, she was driven from her father's house by the improper conduct of her mother-in-law, the defendant may be liable, and will have his remedy over against his wife's father.

But it does not appear that the wife in this case left her father's house under such circumstances as entitled her to carry with her the credit of her husband ; and so far as relates to the articles furnished to the wife, the evidence was not sufficient to sustain the verdict.

The next question is, whether the defendant is liable for the articles furnished for the use of his daughter ?

There are cases where a father may be liable for necessaries furnished to a child.  As where he places his child in a

situation to require necessaries, without providing the means of obtaining them. 2 *Dane's Ab.* 376.

And in general, a parent is under a natural obligation to furnish necessaries for his infant children ; and if the parent neglect that duty, any person who supplies such necessaries is deemed to have conferred a benefit on the delinquent parent, for which the law raises an implied promise to pay on the part of the parent.

But in order to authorize any person to act for the parent in such a case, there must be a clear and palpable omission of duty in that respect on the part of the parent. 13 *John.* 480, *Van Valkenburgh* vs. *Watson.*

Here the daughter was nearly of the age of fifteen, and was residing with her mother when the articles were furnished. She may have been capable of furnishing herself with every necessary, by her own exertions. It does not appear that any application was ever made to the defendant for assistance. For aught that appears, he may have been ready and willing to furnish all that was wanted. The evidence in this case was not, then, sufficient to entitle the plaintiff to a verdict for the supplies furnished to the daughter.

*Verdict set aside, and a new trial granted.*