### BLOOMINGDALE *et al.* *v.* BRINCKERHOFF.

*(Common Pleas of New York City and County, General Term. December 5, 1892.)*

HUSBAND AND WIFE—AUTHORITY OF WIFE TO BIND HUSBAND.

Where a husband and wife are living apart, and a tradesman furnishes her with supplies, and seeks to charge the husband with the same, he must show that the

supplies were necessaries, and that, because of the inadequacy of the husband's provision, they were actually required for the wife's support, considering his means and her station in the community.

Appeal from seventh district court.

Action by Lyman G. Bloomingdale and others against Daniel D. Brinckerhoff to recover for necessaries alleged to have been supplied defendant's wife upon his credit. Judgment for defendant was rendered, from which plaintiffs appeal. Affirmed.

Argued before BISCHOFF and GIEGERICH, JJ.

*Samuel D. Levy,* for appellants. *Ezekiel Fixman,* for respondent.

BISCHOFF, J. Careful scrutiny of the evidence shows that defendant was sought to be held liable in this action upon his wife's alleged implied authority to pledge her husband's credit for necessaries supplied to her at her request. For the defendant, however, it appeared without contradiction that, for nearly two years before the alleged necessaries were supplied, husband and wife were living in a state of voluntary separation, and that during all this time the husband had regularly paid his wife a weekly allowance of $50 for her separate maintenance and support. That, irrespective of whether or not the person who supplies the wife with necessaries had knowledge at the time of the husband's provision for her support, the presumption of the wife's authority to pledge her husband's credit is negatived by the fact of their living apart, and that the tradesman who supplies her under such circumstances upon the credit of her husband, and without his express sanction or approval, does so at his own peril, are propositions too well established by authority to admit of further dispute. See the rule stated and the cases collated in Hare & Wallace's notes to *Manby* v. *Scott, Montague* v. *Benedict,* and *Seaton* v. *Benedict,* reported in Smith, Lead. Cas. 436, etc.; Tyler, Inf. § 221; Schouler, Husb. & Wife, § 117; *Baker* v. *Barney,* 8 Johns. 72; *Lockwood* v. *Thomas,* 12 Johns. 248. It was incumbent upon plaintiffs, therefore, to proceed still further, and show that the articles supplied to the wife were not only of the kind usually denominated "necessaries," because their need is common to all persons, but that, in consequence of the inadequacy of the husband's provision, they were actually required for the wife's proper support, commensurate with his means, her wonted living as his spouse, and her station in the community. Schouler, Husb. & Wife, § 103; *Keller* v. *Phillips,* 39 N. Y. 351; *Arnold* v. *Allen,* 9 Daly, 198; *Blowers* v. *Sturtevant,* 4 Denio, 46. This, however, the evidence wholly failed to establish. *Daubney* v. *Hughes,* 60 N. Y. 187, seemingly cited by appellants' counsel in support of his contention of defendant's liability, has no application to the question here involved. In the case cited the husband was adjudged liable for his wife's support, upon his express promise, notice of the revocation of which was not brought to the promisee's knowledge. Judgment affirmed, with costs.