(7 Misc. Rep. 118.)

### EHRICH et al. v. BUCKI.

(Common Pleas of New York City and County, General Term. February 5, 1894.)

HUSBAND AND WIFE—LIABILITY FOR NECESSARIES.
    In order to charge a husband for necessaries sold to his wife, it must affirmatively appear that the goods were sold on the husband's credit.

Appeal from seventh district court.

Action by Samuel W. Ehrich and others against Charles L. Bucki to recover for necessaries alleged to have been supplied to defendant's wife on his credit. From a judgment in favor of plaintiffs, defendant appeals. Reversed.

Argued before BISCHOFF and GIEGERICH, JJ.

John T. Walker, for appellant.
Julius Lehman, for respondents.

BISCHOFF, J. Unquestionably, a wife who resides with her husband has implied authority to pledge his credit for the payment of necessaries supplied for her use and that of her family; and the same authority arises, whether the wife be living with her husband

or not, if it appears that he has inadequately provided for her support, or not at all. And let it be conceded that the several articles supplied to the wife, and for which plaintiffs seek to recover, were "necessaries," in the sense in which that word has been defined, (Bloomingdale v. Brinckerhoff, 2 Misc. Rep. 49, 20 N. Y. Supp. 858;) still, it does not follow that plaintiffs were entitled to recover. To entitle the tradesman to recover as against the husband it must appear that the goods were supplied to the wife upon the husband's credit. The presumption that the wife was acting as her husband's agent is overcome by the fact that credit was given to her. Stammers v. Macomb, 2 Wend. 454; Mitchell v. Treanor, 56 Amer. Dec. 421; Schouler, Husb. & Wife, § 109, and cases cited in notes 5–8. The record from which we are to determine this appeal not only fails to disclose even a scintilla of evidence to the effect that the goods sued for were supplied upon the husband's credit, but affirmatively shows that credit was given therefor to the wife. Accordingly, the recovery was without adequate support by facts in evidence, and the judgment should be reversed.

Judgment reversed, and new trial ordered, with costs to defendant to abide the event.