SCHWARTZ et al. v. COHN.

(Supreme Court, Appellate Term. May 18, 1911.)

1. HUSBAND AND WIFE (§ 19*)—NECESSARIES—IMPLIED AUTHORITY OF WIFE.
    The implied authority to bind the husband for purchases made by a wife applies only to necessaries, and then only in case the husband fails to furnish them.
    [Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 121–138; Dec. Dig. § 19.*]

---

2. HUSBAND AND WIFE (§ 19*)—"NECESSARIES."

 What are included in the word "necessaries," when applied to goods purchased by a wife, and for which it is sought to charge the husband, are such articles of utility as are suitable to maintain her according to the degree and estate of her husband and his ability to pay.

 [Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 121–138; Dec. Dig. § 19.*

 For other definitions, see Words and Phrases, vol. 5, pp. 4639–4703.]

3. HUSBAND AND WIFE (§ 232*)—NECESSARIES—ACTION—SUFFICIENCY OF EVIDENCE.

 In an action for goods sold to defendant's wife and claimed to be necessaries, evidence *held* insufficient to support a judgment for plaintiffs.

 [Ed. Note.—For other cases, see Husband and Wife, Dec. Dig. § 232.*]

4. HUSBAND AND WIFE (§ 19*)—NECESSARIES—EVIDENCE.

 That defendant was present the last time his wife visited plaintiffs' shop could not be considered as knowledge on his part that she was purchasing on his credit, or as a ratification of such purchase.

 [Ed. Note.—For other cases, see Husband and Wife, Dec. Dig. § 19.*]

5. CONTRACTS (§ 282*)—PERFORMANCE—SATISFACTION OF PARTY.

 Where defendant's wife, after trying on a suit made by plaintiffs under an agreement to fit and make it to her entire satisfaction, and finding that it did not fit, promptly returned it, plaintiffs could not recover, unless it appeared that the suit was rejected in bad faith.

 [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1284–1289; Dec. Dig. § 282.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Morris Schwartz and another, trading as Schwartz Bros., against Moses J. Cohn. Judgment for plaintiffs, and defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Abraham Oberstein, for appellant.

George Ryall, for respondents.

GUY, J. This action was brought and judgment recovered by the plaintiffs, either upon the theory that the defendant's wife had implied authority to charge her husband with the price of a velveteen suit she had ordered, and for which she had agreed to pay the sum of $75, or that the husband had ratified such purchase.

[1] The implied authority to bind the husband for purchases made by a wife applies only to necessaries, and then only in case the husband fails to furnish them. Arnold v. Allen, 9 Daly, 198.

[2] What are included in the word "necessaries," when applied to goods purchased by a wife, and for which it is sought to charge the husband, are such articles of utility as are suitable to maintain her according to the degree and estate of her husband and his ability to pay. Conant v. Burnham, 133 Mass. 503, 43 Am. Rep. 532.

[3] There was no testimony whatever, given upon the trial, tending to show, nor from which a reasonable inference can be drawn, that a suit of the nature and price of the one ordered by the defendant's wife was necessary, or that it comported with the defendant's station in life or his ability to pay. The plaintiffs put the defendant

upon the stand as their own witness, and proved by him, not any ability to pay on his part, or the amount of his income, or his station in life, but the mere fact that he was an advertising agent. They also showed by him that he furnished his wife with dresses, thus effectively destroying any posible inference that he had failed to provide her with proper clothing. It also conclusively appears, by the course of dealing between the plaintiffs and the wife, that the credit was given to the defendant's wife, and not to the defendant, thus overcoming any presumption of implied agency to bind the husband. Ehrich v. Bucki, 7 Misc. Rep. 118, 27 N. Y. Supp. 247.

[4] The fact that the defendant was present the last time his wife visited the plaintiffs' shop is of no significance. It can in no way be considered as knowledge on his part that she was purchasing upon his credit, or as a ratification of such purchase; and his mere presence there at that time is equally as consistent with the fact that credit had been extended to her as that the sale had been made upon his credit. No express authority on the part of the husband was shown, and there had never been any other transactions between the parties establishing a course of prior dealings.

[5] It also appeared that the plaintiffs agreed to fit and make the suit to the "entire satisfaction" of the defendant's wife. After several attempts to fit her, it was sent to her home. After there trying it on, and ascertaining that it did not properly fit, she promptly returned it, and it was in plaintiffs' possession at the time of the trial. In the absence of any testimony tending to show that the defendant's wife in bad faith refused to accept the suit, the plaintiffs cannot recover under such a contract. Haehnel v. Trostler, 54 Misc. Rep. 262, 104 Supp. 533.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.