ELISE H. ASHMEAD, Respondent, *v.* WILLIAM M. SULLIVAN, as Executor under the Last Will and Testament of PERCY H. ASHMEAD, Deceased, Appellant.

First Department, December 16, 1921.

Husband and wife — action by widow to recover for necessaries from time of separation to husband's death and for sum agreed to be paid for release of rights in insurance policy issued upon his life — verdict in plaintiff's favor for amount agreed to be paid for release supported by evidence — verdict for necessaries not supported by evidence as many items considered by jury were not necessaries — instructions — charge to jury erroneous which permitted them to return verdict for amount agreed to be paid under separation agreement less amount actually paid — actions severed — judgment affirmed as to second cause of action and new trial ordered as to first.

In 1916 the plaintiff entered into a separation agreement with her husband, the defendant's testator, whereby he agreed to pay to the plaintiff $100 per month for maintenance and support. Payments were made thereunder as agreed until April, 1917, amounting in all to $850. The plaintiff released her rights as beneficiary in a policy of insurance on her husband's life in consideration of an agreement to pay her $1,500 from moneys to be received on the surrender of the policy. The husband died in November, 1919, and the present action was brought by his widow to recover upon two causes of action. The first cause of action was to recover a balance alleged to be due for necessaries purchased by the plaintiff between the date of the separation and the death of her husband. The second cause of action was to recover the amount alleged to be due under the agreement releasing plaintiff's rights in the insurance policy.

*Held,* that the verdict in favor of plaintiff on the second cause of action was supported by the evidence.

The verdict in favor of the plaintiff on the first cause of action was not supported by the evidence, for while it lay with the jury to determine

which, if any, of the items of expenditure proven were for necessaries suitable and proper for the plaintiff according to her station in life, as to many of the items proven the jury were not justified in finding that such items were for necessaries, and, though the verdict was for much less than that for which plaintiff claimed reimbursement, still there is nothing to show that the verdict was only for items properly within the category of necessaries.

The court erred in permitting the plaintiff to prove items of expenditure made during the time when the agreement with her husband, who lived separately and apart, was being fully performed by him, and in permitting the jury to credit against the moneys so expended the amount paid plaintiff under the agreement.

The court erred in charging the jury that they might find for the plaintiff on the basis of $100 per month for the full time between the agreement and the husband's death, crediting thereon the $850 paid by the husband, as the action was not based on that theory.

The causes of action should be severed, the judgment on the second cause of action affirmed, and a new trial granted in the first cause of action.

APPEAL by the defendant, William M. Sullivan, as executor, etc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 5th day of July, 1921, upon the verdict of a jury, and also from an order entered in said clerk's office on the 22d day of July, 1921, denying defendant's motion to set aside the verdict and to dismiss the complaint.

*Edward E. Hoenig,* for the appellant.

*Churchill, Marlow & Hines* [*Thomas W. Churchill* of counsel; *Ernest W. Marlow* with him on the brief], for the respondent.

MERRELL, J.:

The plaintiff and defendant's testator were husband and wife, having married on January 12, 1892. They lived together as husband and wife until July 12, 1916, at Plandome, L. I. On the last-mentioned date the parties separated by mutual consent and it was then agreed between them that thereafter they should live separately and apart and that defendant's testator, the husband, should pay to the plaintiff for her maintenance and support the sum of $100 per month. Following such separation and until the month of April, 1917, defendant's testator, in conformity with said agreement with the plaintiff, paid to her monthly the sum of $100, paying her

in all during said period the sum of $850. The testator died November 11, 1919, and the present action was brought subsequently to his death by his widow to recover from his estate upon two causes of action, the first cause of action being to recover the sum of $7,350, alleged balance claimed by plaintiff to be her due for necessaries purchased by her for her maintenance and support from the time of her separation from her husband until his death, and the second cause of action being for the sum of $1,500 and interest, being a part of the proceeds of a certain policy of insurance issued upon the life of the decedent, and in which policy the plaintiff was named as the beneficiary, and in which she was interested, it being alleged that plaintiff released her rights in said policy upon consideration of testator's promise to pay her from the moneys received upon surrender of such policy the said sum of $1,500. The jury, by its verdict, found that the plaintiff, upon her first cause of action, was entitled to recover the sum of $3,150, and by the second cause of action the sum of $1,667.44, the verdict of the jury being in the amount of the two items, or $4,817.44. As to the second cause of action, the verdict of the jury seems to be amply supported by the evidence.

As to the first cause of action for reimbursement for necessaries alleged to have been purchased by the plaintiff after the separation of the parties and prior to testator's death, I do not think the verdict of the jury has sufficient support in the evidence. Upon the trial the utmost latitude was given the plaintiff with reference to establishing her cause of action for moneys expended for necessaries, and over the objection and exception of the defendant, plaintiff was permitted to show expenditures for a large number of items, aggregating substantially $8,000. Unquestionably, the jury was to determine which, if any, of the items of expenditure proven were for necessaries suitable and proper for the plaintiff according to her station in life. (*Wickstrom* v. *Peck*, 163 App. Div. 608.) As to many of the items proven, the jury were unjustified in finding that such items were for necessaries, and while the verdict of the jury was for a sum much less than that for which the plaintiff claimed reimbursement, still there is nothing in the record to show that their verdict was for items properly within the category of necessaries. As the case was presented

to the jury, many of the items proven could not be justified upon the ground that the expenditures were for necessaries.

We also think the learned trial court erred in refusing to limit plaintiff's recovery to the period following the time when the decedent paid the plaintiff $100 per month in full for her support and maintenance, and in permitting the plaintiff to prove items of expenditure made during the time when her agreement with her husband to live separately and apart was in full force and effect. Clearly, the plaintiff could not ask reimbursement for expenditures made by her while such agreement was in full force and effect, and while the husband was paying her $100 per month for her maintenance and support. The court, over defendant's objection and exception, I think, erroneously permitted the jury to consider expenditures by the plaintiff during the whole period of the separation of the parties, crediting the defendant's estate with the $850 paid under said agreement between the parties.

I am also of the opinion that the court erred in charging the jury, in effect, that they might find for the plaintiff upon the basis of $100 per month, or $4,000 for forty months following the separation of the parties and until the husband's death, crediting thereon the $850 paid the plaintiff by her husband, as aforesaid, and leaving a balance, as stated by the court, of $3,150. It is quite apparent that the jury followed the method, thus suggested by the court when they returned a verdict upon the first cause of action for precisely the last-mentioned amount. The action was not brought upon any such theory, and such recovery is not in conformity with the allegations of the complaint.

For the reasons indicated, we are of the opinion that so much of the judgment appealed from as awards to the plaintiff the sum of $1,667.44, the amount found by the jury to be plaintiff's due upon her second cause of action, with interest, should be affirmed, without costs in this court to either party as against the other, and that the action should be severed (See *Bremer* v. *Manhattan Railway Co.*, 191 N. Y. 333) and a new trial ordered as to the first cause of action, with costs to appellant to abide the event.

CLARKE, P. J., LAUGHLIN, SMITH and GREENBAUM, JJ., concur.

So much of judgment as awards plaintiff the amount found due on second cause of action, with interest, affirmed, without costs in this court to either party, and action severed and new trial ordered as to first cause of action, with costs to appellant to abide event.   Settle order on notice.