ADELAIDE P. EHRICH, Appellant, *v.* WILLIAM J. EHRICH, Respondent.

Second Department, December 19, 1924.

Husband and wife — divorce — motion to compel defendant to reimburse plaintiff for money spent in medical treatment of children — decree of divorce gave plaintiff sole care and control of children — defendant is liable though he did not consent to employment of particular physician — agreement by plaintiff not to pledge defendant's credit is not defense to motion.

On an application by the plaintiff, who had been granted a decree of divorce against the defendant, to compel him to reimburse her for money spent in the medical treatment of the children of the marriage, the defendant is not relieved of his legal duty to pay the expenses for medical attendance by the fact that he was not consulted as to the employment of the particular physician engaged by the plaintiff, since the decree of divorce granted the plaintiff the sole care and control of the children.

Furthermore, an agreement entered into between the plaintiff and the defendant prior to the granting of the decree of divorce, to the effect that the plaintiff would not pledge the credit of the defendant for the support, education and maintenance of the children, without the written consent of the defendant, does not relieve him from paying the medical expenses.

KAPPER, J., dissents.

APPEAL by the plaintiff, Adelaide P. Ehrich, from an order of the Supreme Court, made at the Rockland Special Term and entered in the office of the clerk of the county of Rockland on the 6th day of June, 1924, except so much thereof as grants plaintiff's motion with respect to an item of $225.

*Frederick W. Sperling,* for the appellant.

*Walter J. Rosston,* for the respondent.

JAYCOX, J.:

The decree of divorce existing between the plaintiff and the defendant provides:

" Further Ordered, Adjudged and Decreed that the defendant shall properly support, educate, maintain and provide with pocket money each of said children during minority; and it is

" Further Ordered, Adjudged and Decreed that the plaintiff shall have sole custody, care and control of the children of the parties, except as regards to their support, education, maintenance and the furnishing to them of pocket money."

The plaintiff seeks to compel the defendant to reimburse her for expenditures made by her for medical services for one of their children and expenses incidental thereto. The necessity of the services and their efficacy are not denied. The defendant merely says he should not pay because he did not in advance approve the doctor by whom the child's disease was diagnosed or the treatment to which he was afterward submitted. Under the decree the plaintiff was given the " sole   *   *   *   care and control " of the children. Her care and control of the children would not be sole if she was obliged to consult the defendant and obtain his consent before she could do anything for the children. That would be joint care and control. No situation can be suggested where the exercise of sole control would be more essential than in the selection of a doctor and the prompt furnishing of medical treatment. The defendant had been deprived of the right of joint control of the children. The situation of the parties is such that joint control is no longer practical. The defendant, however, has not been relieved of his legal duty to support and maintain the children. The decree does not change that and only regulates it in a minor degree.

An agreement entered into a few days before the decree was made contains a provision that the plaintiff would not " incur any liabilities for or on the credit of Mr. Ehrich for the support, education and maintenance of any of the children of the parties without the written consent of Mr. Ehrich," and it is claimed that this limits plaintiff's right to reimbursement for these expenditures. I do not so construe it. I think it merely expressly denies to the plaintiff the right to pledge the defendant's credit without his consent. It does not say he is not liable for any expenditures she may make without his consent. She must, if the expenditure is not consented to by him, pay the bills and then compel the

**492** Zenith Bathing Pavilion, Inc., *v.* Fair Oaks S. S. Corp.

First Department, January, 1925. [Vol. 211

defendant to reimburse her. This does not rob this provision of all value to the defendant. In any controversy between the plaintiff and defendant different rules are applicable than would be applicable between the defendant and another claimant.

The order should be reversed on the law and the facts, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

Kelly, P. J., Kelby and Young, JJ., concur; Kapper, J., dissents, and votes to affirm.

Order reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.