HELEN R. GELLERT, Plaintiff, v. LEO L. GELLERT, Defendant.

Supreme Cou t, Kings County, September 21, 1926.

**Husband and wife — separation — decree in favor of wife awarded alimony for support and maintenance of wife and child — medical attendance for child became necessary — husband is liable — motion by wife in separation action to compel payment to her of money to liquidate medical bill is granted.**

A motion by a wife, made in a separation action to compel the husband to pay her money to liquidate a bill incurred by her for medical treatment of a child of the marriage, is granted, although the judgment of separation awarded alimony for the support and maintenance of the plaintiff and the child. The judgment in the separation action did not operate to relieve the father of his duty to provide for medical treatment of the child.

MOTION to direct defendant (husband) to pay plaintiff (wife) money, necessarily expended by plaintiff, by reason of the illness of the infant child of the parties, after separation decree.

*Edward Weinfeld,* for the plaintiff.

*Morris D. Reis,* for the defendant.

DIKE, J. This action was originally instituted by the plaintiff against the defendant seeking a judgment of separation. Alimony was awarded for the support and maintenance of the plaintiff and an infant child and fixed by the court at thirty-five dollars per week. It seems· that the infant was, in April last, taken seriously ill and it became necessary to secure medical services, and one Dr. Nathan Hanellin attended. On two occasions it appears that the brother of the plaintiff, who was a physician, was present during the treatment by Dr. Hanellin, whose bill for services was fifty-seven dollars and fifty cents. The mother now seeks to recover of the father, the defendant herein, the money to liquidate this bill. The judgment granted herein was separation from bed and board, not a final divorce. Has the court now power to direct the defendant to reimburse the plaintiff for the obviously necessary medical expenses? There would clearly seem to me to be an obligation still resting upon the father to pay for expenses of this nature for his child. The duty of a parent towards a child cannot be terminated by a judgment of separation so as to relieve him from such vitally necessary disbursements as are here shown. There seems to be authority for this

view in this department in the case of *Dumay* v. *Dumay* (217 App. Div. 773), in a case of absolute divorce. A motion was made for an order requiring the defendant to reimburse the plaintiff for medical expenses and denied in the lower court and was reversed on the law and the facts, the court *per curiam* saying, among other things: " The decree of divorce, while it dissolved the marital relations of the parties, did not absolve the defendant of the duty that the law imposes upon him as the father of the child. ' The husband did not divorce his child, or dissolve his liabilities to it. * * * The child is entitled to the support and maintenance by its father. If the father fails to support his child and furnish the necessaries to keep it alive, that is, fail and refuse to give it a home, food and clothing, education and medical attendance, these may be furnished by others, even a stranger to the family, and he will be held liable for it.' " (Citing *Laumeier* v. *Laumeier*, 237 N. Y. 357, and other cases.) Also in the case of *Ehrich* v. *Ehrich* (211 App. Div. 490), where again it was the case of a decree of divorce and where again the defendant was ordered to reimburse the plaintiff for expenditures made for medical services to one of the children, together with incidental expenses. I can see no distinction that would prevent the application of this rule to the case of a separation. Indeed, I should think if there is any distinction the rule would be even stronger in cases where the decree was simply for separation from bed and board. For all of the above reasons the motion is granted, with ten dollars costs.