BLOOMINGDALE BROS., INC., Plaintiff, *v.* HENRY R. BENJAMIN et al., Defendants.

City Court of the City of New York, Trial Term, New York County, May 22, 1951.

*Irving Goldman* for plaintiff.

*Harold H. Corbin* for Henry R. Benjamin, defendant.

*Osmond K. Fraenkel* for Virginia Benjamin, defendant.

McGIVERN, J.  In this nonjury action, the plaintiff store seeks to recover the contract price of certain merchandise (mostly food) purchased at the instance of the defendant wife, and the defendant husband has been joined on the theory that the goods were necessaries for which the wife as agent had a right to obligate him.

The defendants Benjamin were married in December of 1941, and by normal standards, until their separation in 1949, apparently lived on a grandiose scale.  Appurtenances to their living were a thirty-room summer home at Southampton and a twenty-room apartment in town, maintained by an appropriate complement of servants.  The husband is concededly a multimillionaire enjoying an enormous income.  That he has been generous with his wife cannot be denied.  By way of an antenuptial agreement,

trust arrangements and gifts, his treatment of her has indeed been magnanimous. Nevertheless, in July of 1949, the twain parted under circumstances not relevant to the case at hand, and since then they have lived separately. For the immediate period after their estrangement, Mrs. Benjamin lived on both at Southampton and at the Manhattan apartment, both residences of the husband.

Between October 24, 1949, and November 9, 1949, Mrs. Benjamin, while living in the city residence, made the purchases which have become the subject of this suit. The character of the purchases was predominantly that of foodstuffs, with incidental purchases of small household items. Apparently the purchases were made by the butler, at the direction of Mrs. Benjamin, and at a time when the larder was low after the summer months. In the household at the time, in addition to Mrs. Benjamin, were two sons of the husband, by a former marriage, and a retinue of servants. The husband disclaims liability on three grounds: (a) the purchases were not necessaries; (b) the wife was adequately provided for, and (c) notice to the store. The claim of notice is based on a letter, mailed by the husband's secretary on October 28, 1949, and sufficiently processed by the store to bear its stamp of November 1, 1949.

The court feels that the case turns on two issues: one, were the purchases necessaries, and two, had Mr. Benjamin adequately provided for his wife under all the circumstances. The court has resolved both issues against the husband, and accordingly finds that the letter of notice does not absolve him from liability.

It is significant that a close examination of the articles purchased reveals that they are by and large either victuals or common household items. True enough, in the case of the foodstuffs, some of the purchases seem large, but the Benjamin ménage was also large. There were Mr. Benjamin's two sons, the servants, Mrs. Benjamin herself, all huddled together in the twenty-room apartment, and, after the summer the cupboard was bare. In provisioning this group, it cannot be said that Mrs. Benjamin's clear purpose was incontinent living. Exclude the items of whale meat and caviar, and none of the purchases appear unduly adventurous. Even with respect to these two items, in the gilded world wherein the Benjamins moved, whale meat and caviar may very well have been regarded as plain but honorable fare.

At any event the purchases were destined for Mr. Benjamin's charges and solely for use in his apartment. The amount which could exclusively be used by Mrs. Benjamin becomes *de minimis*. To now hold the wife would require her to pay for food not used by herself alone but by his sons and by the staff of servants maintained by him. Nor should the court be called upon to declare that six hams for this group were quite enough, but that the purchase of twelve was a wanton act.

Assuming that the purchases were within the range of necessaries, had Mr. Benjamin adequately provided Mrs. Benjamin with the wherewithal for such necessaries at the time and so shifted the burden of payment to her? The court thinks not. The fact that Mr. Benjamin treated his wife with openhanded largesse in a happier day does not decide this question now. It cannot be definitively said that his financial provisions for her were intended either for the purchases in question or for items of a like character; nor were such funds ever so used before. Indeed, the conduct of the parties demonstrates that his gifts, which may be said to have become part of her capital assets, were never so intended; neither was the jewelry; the antenuptial arrangements are beside the point, and the $600 check, dated November 1, 1949, and apparently deposited on November 14, 1949, can scarcely be regarded as adequate when viewed against the sumptuous manner of their living. And in the light of the foregoing, neither does the notice of the husband absolve him from liability under the unusual circumstances of this case. (Cf. 41 C. J. S., Husband and Wife, § 55.) The mere giving of notice not to give credit to a wife for necessaries does not relieve the husband from liability, when the supplies furnished are within the classification of necessaries, as here, when it cannot be said the husband has adequately provided for such necessaries at the time and the circumstances are such that he would otherwise be liable.

All in all, substantial justice would seem to be met if the husband were called upon to honor the store's bill herein, in the sum of $1,377.81, and judgment is hereby directed in the store's favor against the defendant, Henry R. Benjamin, for this amount, together with interest thereon from November 30, 1949. The complaint against the defendant, Virginia Benjamin is dismissed. All motions upon which decision was reserved at the trial are disposed of pursuant to the foregoing. Execution will be stayed for ten days and the defendant is granted thirty days to make his case on appeal.