Arnold L. Fein, J.
Defendants were married July 3, 1960. On June 17,1964, while the wife was pregnant, they entered into a separation agreement, in which the husband agreed to pay $33.75 per week for support of the child, which was not born until July 12, 1964. Despite the separation agreement, defendants continued to reside in the same apartment. The wife testified, without contradiction, that the husband refused to leave. Sometime in mid-August, 1964, the wife left the apartment with the baby, never to return. Up to that date, the husband paid the rent, food and some other bills, but not for clothing for the wife or the child. The evidence establishes that the defendants did not cohabit or otherwise live together as man and wife, though residing under the same roof. Moreover, the separation agreement was incorporated in and survived the Mexican divorce decree entered on December 20, 1964.
The separation agreement was therefore not abrogated or vitiated. (Zimtbaum v. Zimtbaum, 246 App. Div. 778, affd. 272 N. Y. 416; Dubin v. Dubin, 174 Misc. 952; Blumenthal v. Blumen *430 thal, 194 Misc. 322; Peer v. Peer, 17 Misc 2d 380.) Under these circumstances it must be ruled that the separation was by mutual assent, without such fault on the part of the wife as would bar a recovery against the husband. (Rochester Gen. Hosp. v. Ingstrum, 171 Misc. 288; see Elder v. Rosenwasser, 238 N. Y. 427.)
On August 18, 1964, the husband advised plaintiff in writing he would not be responsible for any obligations or debts incurred by the wife, the account with plaintiff being in his name. The wife had a charge plate, given her by the husband in May.
Between August 4,1964 and September 30,1964, the wife made a series of purchases from plaintiff, charged to the account despite the notice, totalling $896.13, for which this suit is brought. The husband concedes liability for the $9.63 August 4, item, but contests the balance on the grounds that (1) defendants were divorced December 20, 1964 (a date after all the purchases were made); and, (2) the notice to plaintiff bars a recovery, defendants having been separated pursuant to the separation agreement.
The wife’s defense is premised on (1) the divorce, and (2) the liability of the husband for the items as necessaries, which the husband failed.to provide, either under the separation agreement or otherwise.
The evidence establishes that, except for rent and food while they were under the same roof, the husband failed to provide necessaries and did not make the payments provided in the separation agreement from the date it was made until well beyond the period of the purchases in question, having given his wife somewhere between $170 and $205 between June 14, 1964 and September 30, 1964. The husband provided no money for the baby’s necessities, although he authorized the wife to purchase them. His earnings exceeded $7,000 per year.
Where a husband and wife are living apart pursuant to a separation agreement fixing the amount the husband is to pay for the support of his wife and children, the husband is not relieved of his liability for necessaries if he fails to make the payments (Baker v. Barney, 8 Johns. 72; Dodge v. Holbrook, 107 Misc. 257; Ashmead v. Sullivan, 198 App. Div. 885) or the payments are inadequate (Hillman v. Boehm, 29 N. Y. S. 2d 199). The creditor need merely prove the items were necessaries and that the husband failed to provide them. (Constable v. Rosener, 82 App. Div. 155; Gimbel Bros. v. Steinman, 202 Misc. 858; Rochester Gen. Hosp. v. Ingstrum, 171 Misc. 288.)
Nor does notice to the shopkeeper by the husband not to extend credit aid the husband, under such circumstances. The *431 sole effect of the agreement and notice is to place the burden on the shopkeeper of proving that the purchases were necessaries and that the husband did not suitably provide for the wife. (Baker v. Barney, 8 Johns. 72, supra; Gimbel Bros. v. Steinman, 202 Misc. 858, supra; see Hatch v. Leonard, 165 N. Y. 435; Bloomingdale v. Brinckerhoff, 2 Misc. 49; Bloomingdale v. Benjamin, 200 Misc. 1108.) The agreement and notice are not sufficient to relieve the husband; they merely transfer the burden of proof. The husband can escape liability only by showing due and punctual compliance with the agreement (Baker v. Barney, 8 Johns. 72, supra; Altman & Co. v. Durland, 185 App. Div. 114); and that it was adequate. (Rochester Gen. Hosp. v. Ingstrum, 171 Misc. 288, supra; Abraham & Straus v. Teller, 37 Misc 2d 797; Wickstrom v. Peck, 163 App. Div. 608; Bloomingdale v. Benjamin, 200 Misc. 1108, supra.)
The liability of the husband is not limited to shelter and food. (Elder v. Rosenwasser, 238 N. Y. 427, 432; Rochester Gen. Hosp. v. Ingstrum, 171 Misc. 288, supra.) Moreover even where a separation agreement or an alimony decree has been held to bar recovery for items furnished the wife, necessaries furnished for a child are not so limited. (Boller v. Crider, 31 N. Y. S. 2d 987; see Gellert v. Gellert, 128 Misc. 146, affd. 219 App. Div. 737; Krieger v. Krieger, 162 Misc. 930; De Brauwere v. De Brauwere, 203 N. Y. 460; Laumeier v. Laumeier, 237 N. Y. 357.)
The items purchased here were necessaries. A substantial portion was for the needs of the newborn infant. The husband challenged the quantity of items purchased for the wife’s use as being in any event in excess of her needs, pointing to the number of dresses, sweaters, bras and hose. The baby was born July 2, 1964. The evidence established the obvious fact that by September the wife required clothing of different sizes and styles from that necessary during and immediately following her pregnancy. The two or three items purchased for baby sitters, questioned by the husband, are found to be necessaries, as a form of compensation.
The husband failed to make the payments required under the separation agreement and otherwise failed to provide necessaries for his Wife and child in accordance With their station; he is liable therefor. Each of the parties has pleaded the divorce as a defense to the action. Neither filed a cross complaint against the other. No basis is shown how the subsequent divorce could impair the already incurred liability of the husband to the plaintiff, which furnished the necessaries the husband did not provide. The Wife could have borrowed the money for this purpose, obligating the husband to the lender (Turner v. Wool *432 worth, 221 N. Y. 425; Klopfer v. Mittenthal, 117 N. Y. S. 92) or she could have advanced her own funds and recovered the advances so made. (Laumeier v. Laumeier, 237 N. Y. 357, supra; De Brauwere v. De Brauwere, 203 N. Y. 460, supra.) There was no reliance on the credit of the wife, she having charged the items to the husband’s account. (Wickstrom v. Peck, 163 App. Div. 608, supra; Bonwit, Teller & Co. v. Lowett, 102 N. Y. S. 800.)
Judgment for the plaintiff after trial against the defendant, Harvey Seizer in the sum of $896.13 together with appropriate interest; judgment for defendant Claudine Seizer against the plaintiff dismissing the complaint.