Bentley Kassal, J.
The issue is whether a vendor, after receiving the usual notice from a husband disclaiming liability for his wife’s future debts, may, nevertheless, hold him responsible for subsequent purchases of necessaries even though the store had opened a new charge account in the wife’s name, based upon her credit..
Plaintiff is suing both husband and wife; each defendant, while disavowing personal liability to plaintiff, has, in turn, *856 cross-claimed against the other in the event judgment is rendered in favor of the plaintiff.
The parties were married in September, 1968 and shortly thereafter a Saks charge account was opened in the name of “ Mrs. Sanford Nager”. On September 14, 1970, the husband left the wife and their apartment and he immediately wrote plaintiff advising that he was not respónsible for his wife’s purchases thereafter. This letter was received September 16, 1970. Thereupon, Saks, as a matter of routine, took these three steps:
(1) Closed the existing charge account and coded it “ 33H ”, which indicated that the account was closed at customer’s request as a result of a notice from the husband;
(2) Sent the wife a form letter:
“ We have been instructed by your husband to close your account. He stated he would not be responsible for the payment of bills you may incur here. Accordingly, we must ask you to return your charge plate.
“It has always been a pleasure to serve you. Therefore, his order received our compliance with great reluctance.
“ Please be assured that we shall be glad to hear from you. Feel free to contact me if I may be of service.”;
(3) Sent a letter to the husband acknowledging his advice.
Sabs’ witness, in the credit department, testified it was their practice under these circumstances not to permit any further charges in this charge account unless the wife opened her own charge account, based on her own credit. Saks did hear from the wife and she filled out a form entitled “ application for charge account ”. The information requested thereon and the data supplied:
“ Name ” — “ For Married Women, Please Use Husband’s First Name”. The answer, “Mrs. Jacqueline M. Nager”.
“Name of Business and Position — Jacqueline May Enterprises”, (this is wife’s personal business) and “Personnel Consultant ” (wife’s position). Finally, the application states: “formerly Mrs. Sanford Nager”, and contains the above-mentioned code “ 33H ”.
On October 3, 1970, a new charge account was opened bearing the name “Mrs. Jacqueline Nager” with a new account number.
All the items which are sued for here were purchased on the new charge account after the parties separated. There is no dispute about the fact that the wife did purchase and receive *857 the merchandise, nor is there an issue about the reasonable value of items.
Subsequently, an action for separation was commenced and a trial ensued. The fourth cause of action in that complaint seeks the sum of $47,781.31 as reimbursement to the wife for necessaries not furnished her during the course of the marriage. This included the -Saks sums sued for in this action. There was a separation judgment in favor of the wife which also contained findings of fact and conclusions of law. Paragraph 16 of the findings of fact and paragraph 5 of the conclusions of law expressly determined that the husband was not responsible to the wife for such obligations. Therefore, as between the parties to the separation action, this is res judicata.
Generally, the common-law duty of a husband to support his wife requires that he supply her with necessaries, and where he neglects or refuses to provide them he is liable to a third person who supplies her therewith, unless they are provided to her on the basis of her personal credit. (16 N. Y. Jur., Domestic Relations, § 594.) Further, as a general principle, a husband who has neglected or refused to provide his wife with necessaries is liable to merchants who furnish them, even though the merchants have been notified that he will not be liable therefor. (16 N. Y. Jur., Domestic Relations, § 600; Bloomingdale Bros. v. Benjamin, 200 Misc. 1108.) Under such circumstances, the wife is deemed to have implied authority to act as his agent to incur liability on his part for such purchases.
The plaintiff contends that the husband’s disclaimer notice does not insulate him from liability in an action by third parties for necessaries. (Citing Saks & Co. v. Hedeman, N. Y. L. J., July 16, 1970, p. 10, col. 8; Federated Dept. Stores v. Seizer, 49 Misc 2d 429; Gimbel Bros. v. Steinman, 202 Misc. 858.)
However, plaintiff’s general statement of the law is inapposite and the cases cited are all distinguishable on their facts.
(a) In Saks & Co. v. Hedeman (supra), the charge account was maintained in the name of the defendant husband and although he did notify the store in writing and received an acknowledgement, there were numerous sales thereafter to the wife on the same charge account. His credit and charge account were the bases for liability; not so herein with a new charge account based upon the wife’s credit.
(b) In Federated Dept. Stores v. Seizer (supra, p. 432), the court found that ‘1 there was no reliance on the credit of the wife, she having charged the items to the husband’s account.”
*858 (c) Finally in Gimbel Bros. v. Steinman (supra) the husband wrote to the merchant stating that he would no longer be responsible for his wife’s debts. The store wrote to the wife stating that she must return the charge plate and make no future charges to the account, similar to the instant case. They added that the store would be pleased to open an account in her own name based on her personal credit rating. However, the letter was received by the husband who did not notify his wife nor did he close the account or make any effort to obtain the charge plate from his wife.
■ Thus, had the evidence in this case consisted solely of the receipt of the disclaimer, notice by plaintiff with no steps taken thereafter to change the account, the husband might be responsible for necessaries on the basis of her implied agency tó bind his credit. But, here the- plaintiff was not simply passive — a new charge account application was sent to the wife, filled in by the wife employing her own credit references, the old account was closed and a new account with a different name and number was opened.
Therefore, I conclude that plaintiff looked solely to the wife’s personal credit and not to the husband’s credit for these purchases charged to this newly established account. Having done so, the vendor cannot now seek to recover against the husband, irrespective of whether these items be necessaries.
Having made sales to the wife based upon her credit, she is liable therefor since there are no questions pertaining to the receipt of and price for such purchases.
As between the codefendants themselves, the judgment of separation determined their respective rights and liabilities.
Judgment shall be entered on behalf of the plaintiff against the defendant Jacqueline Hager, only, in the sum of $1,931.41. Defendant 'Sanford Hager shall have judgment dismissing the complaint against him and also dismissing the cross claim of codefendant Jacqueline Hager against him.