(87 App. Div. 224.)

BUTTON v. WEAVER.

(Supreme Court, Appellate Division, Fourth Department. October 27, 1903.)

1. HUSBAND AND WIFE—NECESSARIES FURNISHED WIFE—HUSBAND'S LIABILITY.
    A husband living separate from his wife is liable for necessary medical
    services furnished the wife, where he made no adequate provision for
    such necessaries, though he informed the physician prior to the rendition
    of the services that he would not be responsible for any further services
    which the physician might render.

Submission of controversy, under Code Civ. Proc. § 1279, between
Lucius L. Button and Simon J. Weaver. Judgment for plaintiff.

Argued before McLENNAN, SPRING, WILLIAMS, and HIS-
COCK, JJ.

Ernest Millard, for plaintiff.
Frederic Remington, for defendant.

SPRING, J. The facts contained in the submission show that the
defendant and his wife lived apart; that the plaintiff is a physician,
and attended the wife of the defendant professionally; that the wife
was in poor health, the services rendered were necessary, were worth
the sum stated, the defendant was charged therefor, and no other
physician performed similar services for the wife, and the defendant
had not made any provision for medical attendance for her. The hus-
band is liable for actual necessaries furnished to his wife, unless he has
made adequate provision for her maintenance, even though they are
living separate. Hatch v. Leonard, 165 N. Y. 435–438, 59 N. E. 270.
As long as the marriage relation continues, the obligation of the hus-
band to support his wife remains. In this case the defendant left his
wife—it may be, for reasons which amply justified his departure. She
is still his wife, however. He declined to maintain her in his own
household, and must make necessary provision for her elsewhere.

The plaintiff had previously rendered services to the wife on the
faith of the payment by the husband. These services were adjusted
by a compromise and payment, and the defendant then informed the
plaintiff "that he would not be responsible for any further services
which the plaintiff might render" the wife. The services in contro-
versy were performed after this notification, and the defendant urges
that circumstance as a reason why he is not liable. This position
would be impregnable if he had provided suitable medical attendance
for her, or given her the means to procure it. A husband living sepa-
rate from his wife may determine in a large measure in what way his
credit is to be pledged, and in what manner the marital duty of pro-
viding for his wife is to be fulfilled. If, however, he forbid one from
running an account against him for necessaries furnished for his wife,
in order to make the prohibition effective he must otherwise supply
her needs, or permit her to pledge his credit elsewhere. He must per-
form the obligation in some fair way. In the present case he directed
the plaintiff to abstain from performing services concededly necessary
for his wife, but made no other provision for her for this necessity.

¶ 1. See Husband and Wife, vol. 26, Cent. Dig. §§ 123, 129.

He endeavored to be relieved wholly from the liability resting upon him. This he may not do.

The plaintiff is entitled to judgment for $50, and interest from December 1, 1902, besides costs and disbursements of the action. All concur; WILLIAMS, J., in result only.