(45 Misc. 418)

### WOLF v. SCHULMAN.

### WEINSTEIN et al. v. SAME.

(Supreme Court, Appellate Term. November 10, 1904.)

1. HUSBAND AND WIFE—MEDICAL SERVICES FURNISHED WIFE—LIABILITY OF HUSBAND.

A husband's liability for medical services rendered and medicines furnished his wife while she is living apart from him depends on whether the separation is due to his fault.

2. SAME—SEPARATION—EVIDENCE.

In an action to recover for medical services rendered and medicines furnished to defendant's wife while she was living apart from him, there was no proof that the separation was due to his fault, and his evidence that there was no cause for her refusal to live with him was excluded. *Held,* that a judgment for plaintiff was error, since, if the burden of showing the defendant's fault was on the plaintiff, there was a failure of proof; if not, the exclusion of such evidence denied defendant the benefit of a valid defense.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Actions by Gessel Wolf and Joseph Weinstein and others against Lewis Schulman. From judgments for plaintiffs, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

S. Livingston Samuels, for appellant.

Meyer Greenberg, for respondents.

BISCHOFF, J. The recovery for medical services rendered and medicines furnished to the defendant's wife while she was living separate and apart from him is founded upon no proof that the separation was due to the husband's fault, and, moreover, evidence offered by him to show that there was no cause for her refusal to live with him was excluded by the court. In such a case the husband's liability depends upon the question of cause for the separation. Constable v. Rosener, 82 App. Div. 155, 81 N. Y. Supp. 376, affirmed on opinion below 178 N. Y.

¶ 1. See Husband and Wife, vol. 26, Cent. Dig. §§ 123–125, 135.

587, 70 N. E. 1097. The authority cited favors the proposition that
the burden of showing the husband's fault is on the plaintiff. If so,
there was a failure of proof; if not, the exclusion of defendant's evi-
dence denied him the benefit of a valid defense, the proof being rele-
vant to the denial of the wife's agency.

Judgment reversed and new trial ordered, with costs to the appel-
lant to abide the event. All concur.