(67 Misc. Rep. 277.)

FARQUHARSON et al. v. BROKAW.

(Supreme Court, Special Term, Kings County. April, 1910.)

1. HUSBAND AND WIFE (§ 232*)—NECESSARIES—LIABILITY OF HUSBAND.

Where parties are living separate and apart, the burden is on plaintiff to show that defendant, in an action for necessaries, did not suitably provide for his wife.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 844; Dec. Dig. § 232.*]

2. DISCOVERY (§ 38*)—EXAMINATION BEFORE TRIAL—NECESSARIES FURNISHED WIFE.

In an action for necessaries delivered a wife, plaintiff may examine the defendant before trial, to prove that the articles furnished were neces-

saries, and that defendant did not supply his wife with such articles, nor with money to buy them.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 51; Dec. Dig. § 38.*]

Action by Jessie Farquharson and Margaret Wheelock against William Gould Brokaw. On motion to vacate order for examination of defendant before trial. Denied.

Eugene L. Bushe, for the motion.

Hays, Hershfield & Wolf, opposed.

PUTNAM, J. Plaintiffs sue for necessaries alleged to have been furnished to defendant's wife between November 16, 1908, and January 21, 1909. Among other defenses, it is claimed that the articles furnished were not necessaries, that the wife had been amply supplied by her husband with funds, and also that, since December, 1908, the defendant's wife lived separate and apart from him, receiving a sufficient weekly allowance that he provided.

Plaintiffs applied to examine defendant before trial (in Nassau county), seeking to prove that the articles delivered were necessaries, and that defendant did not supply his wife with money for the purchase thereof, nor with the necessary clothing suitable to her station in life. The affidavit upon which the order for defendant's examination was granted further stated that the defendant has been sojourning in North Carolina, and that deponent has no means of knowing if defendant will be within this state when the case comes on for trial.

While the proof of delivery of the articles may generally make out a sufficient case for the plaintiffs, leaving the husband, in defense, to show that there was no necessity for the credit, because the wife was amply supplied (Wanamaker v. Weaver, 176 N. Y. 75, 82, 68 N. E. 135, 65 L. R. A. 529, 98 Am. St. Rep. 621), this does not seem to be the rule where they are living separate and apart (Constable v. Rosener, 82 App. Div. 155, 158, 81 N. Y. Supp. 376, affirmed 178 N. Y. 587, 70 N. E. 1097). In the case of such a separation, the burden is on the plaintiffs to show that the defendant did not suitably provide for his wife.

In view of the defense here that the wife was living separate from her husband, I think plaintiffs are entitled to examine the defendant in order to establish their affirmative case as to the articles furnished after the separation, and also to avoid this defense as to those claimed to have been delivered between November 16, 1908, and the separation in December. Schweinburg v. Altman, 131 App. Div. 795, 116 N. Y. Supp. 318.

The motion to vacate the order for the examination of defendant . is therefore denied, with $10 costs.

Motion denied, with $10 costs.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes