Thomas E. Cowart, Respondent, v. William Trevor, Appellant.— The evidence respecting the genuineness of the signature to the letter is so conflicting, and the circumstances in connection with the proof thereof are such that we think the interests of justice require a new trial. Judgment of the Municipal Court reversed and a new trial ordered, costs to abide the event. Woodward, Burr, Thomas, Rich and Carr, JJ., concurred.

Mathilda G. Ebert, as Sole Acting Executrix of Henry Ludemann, Deceased, Respondent, v. Louis Hanneman and Others, Appellants, Impleaded with Others, Defendants.— Judgment affirmed by default, with costs. Jenks, Burr, Thomas, Rich and Carr, JJ., concurred.

Jessie Farquharson and Margaret Wheelock, Respondents, v. William Gould Brokaw, Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion. Hirschberg, P. J., Woodward, Jenks, Thomas and Carr, JJ., concurred.

The Frank-Byron Company, Respondent, v. The Bush Terminal Company, Appellant.— We think that the questions involved in this case can be best litigated upon a trial of the issues. The order is, therefore, affirmed, with ten dollars costs and disbursements. Hirschberg, P. J., Woodward, Jenks, Thomas and Rich, JJ., concurred.

Jacob J. Friedman, Respondent, v. James F. Scholes Company, Appellant.— Judgment of the Municipal Court reversed and new trial ordered, costs to abide the event, upon the ground that at the time of the injury to plaintiff Kroger must be deemed to be the servant of the American Sugar Refining Company, and not of defendant. (Baldwin v. Abraham, 57 App. Div. 67; affd., 171 N. Y. 677; Howard v. Ludwig, 57 App. Div. 94; affd., 171 N. Y. 507; Kellogg v. Church Charity Foundation, 128 App. Div. 214, 135 id. 839; McCarthy v. McCabe, 131 id. 396; Muldoon v. City Fireproofing Co., 134 id. 453, 456.) Hirschberg, P. J., Woodward, Burr, Rich and Carr, JJ., concurred.

Julius F. Gebhardt, Appellant, v. John M. Languth, Respondent.— Judgment and order of the Municipal Court reversed and new trial ordered, costs to abide the event, unless defendant stipulate to modify the judgment by waiving the recovery upon his counterclaim, on the ground of insufficient evidence of the value of the partition, and erroneous evidence of the expert in relation thereto, and lack of evidence of the value of the belting, shafting and storing of molding, in which event the judgment as thus modified and the order are affirmed, without costs. Woodward, Jenks, Thomas, Rich and Carr, JJ., concurred.

Kathryn Hannigan, Respondent, v. Paul J. Bonwit, Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion. Jenks, Burr, Thomas, Rich and Carr, JJ., concurred.

In the Matter of the Application of the City of New York, Appellant, to Acquire Certain Real Estate at Valley Stream, etc., in the County of Nassau, for Purposes of Water Supply. Amelia E. Hicks and Others, Respondents.— Order affirmed, with ten dollars costs and disbursements. No opinion. Hirschberg, P. J., Woodward, Jenks, Thomas and Rich, JJ., concurred.