B. ALTMAN & COMPANY, Respondent, *v.* CHARLES M. DURLAND, Appellant.

First Department, December 6, 1918.

Husband and wife — suit against husband to recover for alleged necessaries furnished to wife — evidence not justifying recovery — appeal from judgment only.

Where at a time when the defendant husband was living with his wife, he gave notice to the plaintiff, a shopkeeper, that he was providing for his wife's support and forbade the plaintiff to give her credit, and notwithstanding such notice the plaintiff sold goods to the wife on the credit of the husband, the plaintiff in order to recover was under the burden of showing that the husband failed to perform his duties, and that

the goods furnished were *actually* necessary for the then present or immediate future use of the wife.

Where the evidence shows that the husband, earning an income of about $1,900 a year, had previously given to his wife $25 a month to cover the cost of her clothing and that of their child, which had been sufficient for her needs, and at the time she purchased the goods of the plaintiff the husband had offered to give her $20 a month for her clothing and pay for the clothing of the child himself, which offer she refused, a verdict for the plaintiff should be reversed and the complaint dismissed.

Where, in an action at law, the court directed a special verdict upon three issues of fact, but instead of directing a general verdict pursuant to section 1187 of the Code of Civil Procedure, made a decision in which the special verdict was recited and the findings of the jury in favor of the plaintiff adopted, the defendant, appealing from the judgment only without a motion for a new trial and without an appeal from an order, is entitled under section 1346 of the Code of Civil Procedure, as it now stands, to a review on the facts as well as on the law.

APPEAL by the defendant, Charles M. Durland, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 15th day of June, 1918, upon the decision of the court after a trial at the New York Trial Term after the rendition of a special verdict by the jury.

*Lewis E. Mosher,* for the appellant.

*Thomas W. Churchill* of counsel [*Ernest W. Marlow* with him on the brief; *Churchill, Marlow & Hines,* attorneys], for the respondent.

LAUGHLIN, J.:

The recovery was on the second count of the complaint, which is for goods furnished as necessaries to the defendant's wife on his credit. The defendant was married on the 11th day of June, 1902, at Middletown, N. Y., but he and his wife resided at the village of Watkins, N. Y. The goods were furnished and delivered on the 20th, 21st, 23d, 24th and 27th days of March, 1916, at New York and Mid etown. The defendant and his wife were living together at the time, although their relations apparently were strained. He maintained a house where they resided at Watkins, and necessary servants and suitably supplied their living necessaries. On the date of the last purchase from plaintiff, the defendant's

wife made a like purchase of goods of McCutcheon & Co., in New York, aggregating $178 on his credit. All of these purchases were without the defendant's knowledge or consent. For many years the defendant made an allowance of $25 per month to his wife to clothe herself and their child, who at the time was ten years of age. In the spring of 1915, however, he stopped the allowance and gave her credit at stores in Watkins, but in the month of November, 1915, having ascertained that she was making purchases in New York through a Watkins storekeeper who charged the goods to him, he stopped the credit at the stores in Watkins. He testified that he then proposed to her that he would clothe the child and give her an allowance of $20 a month for her own wearing apparel and that she refused his offer, stating, in substance, that she could obtain all the money she needed and that she and her mother and one Clute would ruin him; and he further testified that at all times thereafter he was ready, able and willing to make her an allowance of $20 per month for said purposes, which she refused. She denied that he made this offer to her. He further testified that she had made arrangements to get married again, and that she did not deny. It is undisputed that from that time on she received no money from him and he offered her no credit. The evidence shows that the defendant's net income was about $1,900 per annum. His wife claimed that it was more, but admitted that she had no personal knowledge with respect thereto. It appears that during the period when the defendant was making an allowance to his wife for clothing she had an account in her own name with the plaintiff. The defendant evidently knew or suspected this, for on the 26th of January, 1914, he wrote the plaintiff that he was making a monthly allowance to his wife for clothing herself and their son and forbade the plaintiff charging anything to his account without his consent and notified it that it must look to her for the payment of any sales made to her. The plaintiff by return mail acknowledged the receipt of defendant's letter to the effect that nothing was to be charged to his account without his consent by written order and stated that it would be governed accordingly. On March 20, 1916, plaintiff wrote the bank at Watkins, of which defendant was president,

asking for information with respect to defendant's financial responsibility, stating that he was desirous of opening an account with it and had referred to the bank. On the twenty-third of the same month he wrote the plaintiff referring to its letter to the bank, and referred it to his former letter and to its answer thereto, and advised that it be governed accordingly. The plaintiff wrote the defendant on the date of the last sale in question to his wife, stating that it was pleased to advise him that in accordance with his request it had placed his name on its books for an account, and he answered by return mail that he had not made such a request and referring it again to the former correspondence. To this plaintiff replied on April first, stating that at the time Mrs. Durland asked it to open an account it overlooked his former instructions, and that it would communicate with her concerning the purchases which she had made aggregating $380.63.

There is no evidence, other than the items of the bill of goods and general testimony given by the defendant's wife to the effect that they are of the character of goods which she had purchased and used during her married life with defendant, bearing on the issue as to whether the goods were necessaries. She was not asked with reference to the quantity or condition of goods of this character which she had previously purchased and had on hand at the time. The record is barren of any evidence tending to show that she was in need of any of these goods at the time, and it may be observed that she could not have been in need of all of them, for in many instances she purchased a great number of the same article. In that connection it may also be observed that the purchases of March twentieth embrace six pairs of gloves and six pairs of hose, and eighteen pairs of hose on the next day. At the close of the evidence a motion was made for a nonsuit and the court reserved decision thereon, and stated that by consent of counsel a special verdict would be taken on three questions. The first was whether defendant offered his wife twenty dollars a month for the purchase of her own wearing apparel in December, 1915, the second as to whether such offer was sufficient, and the third, as to whether, on the assumption that he did not offer his wife a suitable allowance, these goods were necessaries. The jury found that he did

offer her twenty dollars a month, as he testified, but that it was insufficient and that the goods were necessaries. The court thereupon, instead of following the practice prescribed by the Code of Civil Procedure (§ 1187), and directing a general verdict, made a decision in which the special verdict is recited and in which the findings of the jury were adopted and directed the entry of the judgment in favor of the plaintiff.

This failure to follow the prescribed practice has resulted in some confusion and a considerable part of the points on each side is devoted to the question as to whether or not any of the findings of the jury are reviewable, there having been no motion for a new trial and no appeal from an order, the only appeal being from the judgment. Under the former practice that would have been a perplexing question, but since section 1346 of the Code of Civil Procedure now authorizes a review on the facts as well as on the law on an appeal from a judgment, if it were necessary the defendant would be entitled to have the weight of the evidence reviewed, but we are of opinion that the plaintiff did not prove a *prima facie* case for the consideration of the jury on the issues as to whether the allowance of twenty dollars a month was sufficient or whether these goods were necessaries. It is the well-settled law in this jurisdiction that a husband is not liable even for necessaries furnished his wife where they are living separate and apart through no fault of his and the wife refuses his offer to support her at home (*Constable* v. *Rosener*, 82 App. Div. 155; affd., 178 N. Y. 587; *Ogle* v. *Dershem*, 91 App. Div. 551, 552; *Bloomingdale* v. *Brinckerhoff*, 2 Misc. Rep. 49; cited with approval in *Wanamaker* v. *Weaver*, 176 N. Y. 75, 79; *Wolf* v. *Schulman*, 45 Misc. Rep. 418), but that where they are living together the wife has *implied authority* to charge the credit of her husband with necessaries in the absence of notice by him to the shopkeeper forbidding such credit, and it suffices if the goods are of a class that would ordinarily be necessary in view of the station in life of the husband and wife without evidence that they were *actually* necessary, and the husband is liable, if the credit was intended to be given to him even though the goods were charged to the wife, and in such case the burden is on the husband to show in defense that he had fully performed his duty to furnish necessaries

either by furnishing them or funds therefor, and if this be established he is not liable. (*Wickstrom* v. *Peck*, 163 App. Div. 608; *Frank* v. *Carter*, 219 N. Y. 35, 38; *Wanamaker* v. *Weaver*, 176 id. 75; *Rosenfeld* v. *Peck*, 149 App. Div. 663; *Wilder* v. *Brokaw*, 141 id. 811; *Debenham* v. *Mellon*, L. R. 5 Q. B. Div. 394; affd., L. R. 6 App. Cas. 24; *Morel Bros. & Co., Ltd.*, v. *Earl of Westmoreland*, L. R. [1903] 1 K. B. 64. See, also, *De Brauwere* v. *De Brauwere*, 203 N. Y. 460, 464; *Hamilton* v. *Lane*, 138 Mass. 358.) That the husband is not liable where he has adequately provided necessaries or furnished funds therefor is further sustained by the ruling that in an action for divorce or separation his liability in this regard is limited by and merged in the order or judgment of the court. (*Turner* v. *Woolworth*, 153 App. Div. 293; 165 id. 70; affd., 221 N. Y. 425.) In the case at bar the husband and wife were living together, and the shopkeeper had notice that the husband claimed to be providing for his wife and forbidding credit, and in such case the shopkeeper sells to the wife on the credit of the husband at the risk of being able to show that the husband failed to perform his duty and that the goods furnished were *actually* necessary for the then present or immediate future use of the wife. (*Keller* v. *Phillips*, 39 N. Y. 351, cited approvingly on this point in Justice INGRAHAM's opinion in *Constable* v. *Rosener*, 82 App. Div. 155, 158, which was adopted by the Court of Appeals [178 N. Y. 587], and in *Ogle* v. *Dershem, supra;* Schouler Husband & Wife, § 107, quoted with approval in *Wanamaker* v. *Weaver, supra; Cromwell* v. *Benjamin*, 41 Barb. 558; *Lord* v. *Thompson*, 41 N. Y. Super. Ct. 115.) The credit having been forbidden by the husband the wife's agency to bind him, therefore, depended upon her necessities and his failure to perform his duty, neither of which was shown, and is evident that many of the articles could not have been such necessaries. It appears that she was at all times contented with the allowance the husband made, from which she not only clothed herself, but her son also. In these circumstances it cannot be said that the allowance offered by him, which was rejected, was inadequate.

It follows, therefore, that the judgment should be reversed, with costs, and the findings inconsistent with these views

reversed and findings and legal conclusions in accordance therewith made, and directing judgment dismissing the complaint, with costs and judgment accordingly entered.

CLARKE, P. J., DOWLING, PAGE and MERRELL, JJ., concurred.

Judgment reversed, with costs, and complaint dismissed, with costs. Order to be settled on notice.