BURROUGHS ADDING MACHINE COMPANY, Appellant, *v.* FRANCIS A. HOSACK, Respondent.

First Department, December 7, 1928.

*John Preston Phillips* of counsel [*Cravath, de Gersdorff, Swaine & Wood*, attorneys], for the appellant.

*Matthew W. Wood*, for the respondent.

O'MALLEY, J. The complaint declared upon defendant's promissory note in the sum of $4,000, upon which a credit of $1,907.06, was allowed. The defendant counterclaimed for a balance due him as profits under an agency contract. By such he had been in charge of one of plaintiff's agencies in New York from January 1, 1920, to June 30, 1921. His compensation consisted of salary and commissions at the rate of seventy-five per cent of the profits realized on the business of the agency.

The plaintiff claimed that such profits for the period in question amounted to $1,907.06, the sum for which credit was given on defendant's note. The latter asserted that he was entitled to the profits in excess of this sum and the judgment sustains his contention. It is for the difference between the face of the note and the amount of profits claimed by the defendant.

Our conclusion is that the judgment is wrong. The rights of the parties are to be determined by their contract. Under it the defendant was to be entitled to commissions on the profits of the agency. If there were no profits, there were to be no commissions, and the defendant's compensation was limited to a stipulated salary.

The briefs submitted and the oral argument had before us disclose that the defendant is not disputing that the amount of the

general profits of the agency is as claimed by the plaintiff. His position is that by an erroneous method of bookkeeping over which he had no control, he was led to believe that the profits were greater than those actually disclosed by the plaintiff's books. He was misled, so he asserts, by statements rendered to him from time to time, and seeks to have these statements so rendered regarded in law as the basis of an account stated between the parties. His position, so taken, we think untenable.

The contract provided for the method of keeping the agency accounts. It reads: " It is understood that the accounts of the Agency shall be audited by the Company's duly authorized auditors at the end of every three months not only during the continuance of this agreement but after the date of termination, until a final settlement has been arrived at between the parties hereto, their successors, executors, administrators or assigns, and in the event that such audit shall show a cash credit balance, the Agency Manager, his executors, administrators or assigns shall be paid within thirty days thereafter his percentage of the net profits, to wit, seventy-five per cent of the cash credit balance."

The question at issue is whether under this provision of the contract there was a " cash credit " balance and if so, its amount.

Concededly the accounts of the agency were required to be kept, and were kept, according to the Burroughs Standard Accounting Practice. This method had been used in the Newark, N. J., agency where the defendant had been employed for four years before he assumed charge of the New York agency. Under it the books of the latter agency were kept by a Miss Goll. While defendant claimed that she acted under the direction of plaintiff's main office, she was, nevertheless, in the New York agency over which the defendant had direct charge, and her statements were regularly rendered to him at the time they were prepared for forwarding to the home office. Of the three copies of the statements purporting to show earnings, one was retained by the defendant and one each sent to the home office of the plaintiff and to that of the district manager.

It appears that the statements rendered during 1920 showed accumulated profits in varying amounts. The figure for the month of December was $16,339.34. Between January and June, 1921, there was a net loss for each month except two, but the total accumulated profits as shown in the statement of June 30, 1921, were the sum of $8,681.85.

At this time the agency of which the defendant was in charge was discontinued; and a few days after the statement of June thirtieth was received by the defendant, a corrected statement

rendered to him showed the net profit as of such date to be only the sum of $3,143.33.

As already appears, the defendant does not contend that the corrected figure does not represent the true net profits. That such is the fact is amply sustained by the evidence and by a proper construction of the contract. Under the contract salesmen employed by the agency received advances on account of commissions to be earned; but it was provided " that in the event of the amount advanced a salesman exceeding the amount of commission earned by him, the amount of such excess shall be included in the cost of operating the Agency."

It appeared that sums so advanced to salesmen were carried on the books as assets in the nature of accounts receivable, rather than debits against the agency, and this in contemplation that the salesmen might eventually work out and earn the commissions advanced. In the meantime the defendant was benefited by reason of the fact that such advances were not immediately charged up as expenses against the agency. When the agency was discontinued, however, it was necessary that these advances should be charged as expenses, as provided under the contract.

We find no basis in the evidence for the defendant's claim of an account stated. Such an account determines the amount of debt where a liability exists, but cannot be made the means in and of itself to create a liability where none before existed. (*Stocking* v. *Seed Filter & Manufacturing Co., Inc.*, 175 App. Div. 812, 814.) Here the source of plaintiff's liability to the defendant with respect to commissions is to be found in the contract, and by its terms there was to be no liability except for net profits to be ascertained according to the terms of the contract and upon the basis of an accounting system for which the contract provided. Here, as already appears, the actual profits of the agency are as claimed by the plaintiff.

Nor do we deem it important that the defendant may perhaps have been misled by the computations first made. Actually he knew that under the terms of his contract he was entitled to commissions only if a net profit were shown by computations made according to plaintiff's standard form of bookkeeping. Moreover, we think the evidence does not sustain defendant's claim that he was misled. He was charged with notice of the manner in which the plaintiff kept the accounts of the agency. Monthly statements showing the status of the account were rendered. It is not a sufficient answer for the defendant to say that he did not take time to scrutinize them. A more careful examination would have disclosed that the sums advanced to salesmen were carried as

assets and that net profits of the agency could only be determined when the amount of such advances not repaid were finally charged to expenses.

We think the court properly permitted the defendant to recover the amount of profits on separate stands. In this view the judgment should have been in the plaintiff's favor for the amount of the defendant's note less the credit of $1,907.06, allowed by the plaintiff, and also less the sum of $834.82 to which the defendant was entitled on account of profits on stands, together with appropriate interest.

The judgment should, therefore, be reversed, with costs, and judgment entered accordingly, with costs.

DOWLING, P. J., MERRELL, MARTIN and PROSKAUER, JJ., concur.

Judgment reversed, with costs, and judgment ordered as indicated in opinion, with costs. Settle order on notice.