DALY'S ASTORIA SANATORIUM, INC., Plaintiff, *v.* McNEIL BLAIR, Defendant.

Municipal Court of New York, Borough of Queens, First District, December 18, 1936.

*Edward V. Green*, for the plaintiff.

*Victor Gordon*, for the defendant.

O'ROURKE, J. The plaintiff conducts a private or a "proprietory" hospital as distinguished from a "public" or "charitable" institution. The defendant's wife was admitted to the plaintiff's institution on March 16, 1936, where she died on March 20, 1936. During this time she was treated by a staff physician and by a surgeon not a member of the staff, whose employment was authorized by her. The action is brought for the undisputed fair and reasonable value of services performed for defendant's wife. These services may be conveniently classified into hospital services of the value of $108.50, medical and surgical services of the value of $225, and nurse's services of the value of $35.

For some time previous to the wife's admission to the hospital, and during her stay there, the defendant and his wife had maintained separate residences. However, no evidence was offered which might indicate the cause of the separation or the circumstances surrounding the estrangement.

One of our earliest reported cases held that medical services were necessaries. (*Dale* v. *Copping*, 1 Bulst. 39; 80 Eng. Rep. 743, decided 1610.) The fact that a husband is liable for his wife's

necessaries is not at issue. (*Wanamaker* v. *Weaver*, 176 N. Y. 75.) A *prima facie* case was made out by the plaintiff upon showing that such necessaries were furnished, and this rule has been held to include medical services rendered. (*Thrall Hospital* v. *Caren*, 140 App. Div. 171.) Where it is established that the wife was living apart from her husband with justification, the husband is liable for medical services then rendered. (*Ross* v. *Fisher*, 223 App. Div. 342.) The husband cannot be held when the wife is not justified in the separation. (*Pearson* v. *Pearson*, 230 N. Y. 141; *Moll* v. *Greer*, 150 Misc. 10.) The burden of proof in respect to justification of separation is on the plaintiff, where plaintiff has reason to believe the husband would disclaim liability. (*Altman & Co.* v. *Durland*, 185 App. Div. 114.) Mere proof of the fact of separation without further elucidation is no defense. (*Hatch* v. *Leonard*, 165 N. Y. 435; *Button* v. *Weaver*, 87 App. Div. 224.) However, in the present case there was no testimony in respect to justification so that the matter was not put in issue.

Neither the fair and reasonable value of the hospital services nor the liability therefor being in dispute, the question of the propriety of the plaintiff corporation's right to recover for the physicians' and nurse's services only need be considered.

As far as the nurse's services are concerned there was no testimony to show that the nurse on the case was any one other than one of the regular staff of nurses regular y employed under the direction of the administrative staff of the hospital. Some distinction is made between the status of a regular and special nurse. (See *Matter of Renouf* v. *New York Cent. R. R. Co.*, 254 N. Y. 349; *Matter of Bernstein* v. *Beth Israel Hospital*, 236 id. 268; *Meshel* v. *Crotona Park Sanitarium*, 154 Misc. 221.) This being a regular nurse regularly employed by the hospital, I find that the plaintiff may properly charge for her services.

In reference to the fees of physicians who performed the operation, the liability therefor is seriously questioned on two grounds, *first*, as to whether or not an operation comes under the heading of necessaries, and, *second*, since there has been no legal assignment of the physicians' claim for professional services to the plaintiff corporation, has it the legal right to sue therefor? I believe the first objection has been adequately disposed of above, and I shall proceed to the second.

Although a hospital has been said to practice medicine through the agency of physicians and surgeons (*People* v. *Woodbury Dermatological Institute*, 192 N. Y. 454; *Messer Co.* v. *Rothstein*, 129 App. Div. 215; *Matter of Stern* v. *Flynn*, 154 Misc. 609), a comprehensive survey of the relationship existing between hospital,

physician and patient compels me to adopt the view that a hospital, rather than practicing medicine *per se*, is a place where medicine is practiced by physicians. In *Matter of Bernstein* v. *Beth Israel Hospital* (236 N. Y. 268, 270) it is there stated: " Such a hospital undertakes, not to heal or attempt to heal through the agency of others, but merely to supply others who will heal or attempt to heal on their own responsibility." (See, also, *Schloendorff* v. *Society of New York Hospital*, 211 N. Y. 125; *Phillips* v. *Buffalo General Hospital*, 239 id. 188.)

The description is as apt in its application to private as to public hospitals. (*Matter of Renouf* v. *New York Cent. R. R. Co.*, 254 N. Y. 349; *Phillips* v. *Buffalo General Hospital, supra; Mieryjeski* v. *Bay Ridge Sanitarium, Inc.*, 237 App. Div. 851, holding that *Robertson* v. *Towns Hospital*, 178 App. Div. 285, which held otherwise, has been overruled by *Matter of Renouff* v. *New York Cent. R. R. Co., supra; Weyhrauch* v. *Miller*, 240 App. Div. 863.)

The cases, therefore, relegate a hospital to the role of a specialized hotel where the sick or infirm in body or mind may be treated by physicians expressly or impliedly employed by them.

Most persuasive, however, is the case of *Matter of Agnew* (132 Misc. 466, 471). There it was held that physicians could recover for surgical services performed in a hospital for a patient who had concealed the fact that he was financially able to pay. The court pointed out that the physicians were " the ones who conferred the benefit " and that they, therefore, and not the hospital, had the better right to reimbursement.

Apparently in conflict with the above-enunciated rule is *Matter of Kocko* v. *Harris Coal Co., Inc.* (262 N. Y. 535). There a charge for a surgical operation in Bellevue Hospital was allowed as a proper charge against the employer in a workmen's compensation proceeding. No opinion was written by the court, but the statement of facts recited (as well as the record and briefs on appeal) indicates that the court considered controlling sections 692-e and 692-m of the Greater New York Charter (New York Local Laws of 1929, No. 2, p. 69) and section 13 of the Workmen's Compensation Law, the last of which states that an employer shall provide medical services for an injured employee. This was read with sections 692-e and 692-m of the Greater New York Charter, which at page 536 of 262 New York, the court set out as follows:

" ' § 692-m. * * * The hospitals * * * under the jurisdiction of the department of hospitals shall be primarily for the care and treatment of the indigent poor of the city and for the protection of the public health. * * *

*" ' A patient in a hospital, \* \* \* under the jurisdiction of the department of hospitals, who is able to pay, wholly or partly, for care or maintenance, \* \* \* shall be liable for his care and maintenance in such hospital, \* \* \* and the commissioner shall collect such payment. Money collected under this section shall be paid to the chamberlain.'*

" Section 692-e of the charter (Local Law No. 2 of 1929) provides that the members of the medical staff of a hospital subject to the jurisdiction of the Department of Hospitals ' shall serve without compensation.' " (Italics ours.)

Only the express provisions, therefore, of the Greater New York Charter, not applicable here, permit a New York city hospital to recover for medical as well as for hospital services rendered.

In the instant case there exists no impediment to a suit for services rendered by the physicians who treated the defendant's wife. To allow recovery for medical services in this action would quite conceivably lay the foundation for two recoveries for the same acts. The claim for physicians' services, therefore, must be dismissed without prejudice.

Judgment, therefore, in the sum of $143.50 for hospital and nurse's services only is allowed.