THE ROCHESTER GENERAL HOSPITAL, Appellant, *v.* THOMAS C. INGSTRUM, Respondent.

County Court, Monroe County, February 18, 1939.

*Harris, Beach, Folger, Bacon & Keating,* for the appellant.

*C. Kent Williams,* for the respondent.

VAN DUSER, J.  The Rochester General Hospital appeals from a judgment denying it a recovery against the respondent Thomas C. Ingstrum.  The action was brought to recover for hospital services furnished to respondent's wife.  These services were determined to be, and are conceded to be, "necessaries."  Recovery was denied, however, because (1) the wife was living apart from her husband "without legal cause for separation, though with defendant's consent;" and by reason thereof the implied agency which the wife had by reason of the marital relation was suspended; and (2) that in rendering its services the appellant relied on no obligation of the husband to pay.

There can be no dissent from the general proposition that a wife who leaves a home which the husband has provided without just cause and who thereby refuses to fulfill her portion of the marriage agreement cannot compel her husband to support her.  (*Mirizio* v. *Mirizio,* 242 N. Y. 74.)  Nor, as quoted in the very able opinion of the trial court from *Constable* v. *Rosener* (82 App. Div. 155, at p. 161): "It has never been held, so far as I know, that a wife could voluntarily without cause leave her husband, repudiating her obligations that she incurred upon her marriage, and then compel her husband to support her separated from him."

There seems, however, to be a distinct difference between such situations and the one here involved.

In this case it appears from the judgment roll introduced into evidence that in a separation action brought in Supreme Court a few years ago a decree of separation was denied the wife of the respondent, and, likewise, to the respondent on his counterclaim.  In its decision in that Supreme Court action the trial court held that the parties, the respondent in this action and his wife, to whom the necessary services were rendered as testified to in this action, had separated "by mutual consent."  It does not appear from the record in the instant case that the respondent has ever changed or revoked his consent or demanded that his wife return to his home and resume marital relations.

The obligation of a husband to support his wife is a continuing one.  (*Hatch* v. *Leonard,* 165 N. Y. 435; *Button* v. *Weaver,* 87 App.

Div. 224.) It does not follow, however, that, because a husband and wife agree to live separate, the obligation of the husband to continue support ceases in the absence of any agreement or arrangement to that effect. The obligation, of course, can be altered. But it does not appear in this case that the obligation was altered; that there was any arrangement made between the respondent and his wife as to their mode of living other than the mutual agreement that the wife might live separate. It does appear that at the time the services were rendered by the appellant and at the time of the trial, at least, the wife had no means of support.

The respondent and his wife having separated by *mutual consent*, it does not seem that those cases are in point where the situations concern a leaving by the wife without a just or legal cause, nor abandonment, nor desertion, nor a case where a husband has asked or demanded that his wife having left him, shall return to his domicile and she has refused to do so. All that the record discloses in this case on that phase is that prior to the separation action tried in Supreme Court the parties had already separated and were living apart, by *mutual* consent. In denying relief to the husband the court must have concluded that there was no abandonment nor desertion on the part of the wife so as to afford the husband relief from his obligations. They then lived separate by mutual consent, as they do now.

If the respondent desires to terminate the mutual consent arrangement into which he has entered there are means at his disposal to accomplish that desire, but to date, as far as this record discloses, the mutual arrangement has not been terminated.

It, therefore, follows that the husband is liable for these necessaries furnished to his wife unless the appellant extended its credit to the wife. The lower court has held that the appellant did not render the services relying upon the husband's obligation to pay and holds that upon the testimony credit was given solely to the wife. That conclusion I do not feel is justified from the evidence. The respondent's wife was brought to the hospital in an ambulance, suffering from a very severe injury. It appears that the next day the appellant, through its representatives, made inquiry about the respondent, which cannot be construed as an indication that the hospital intended to look to the respondent's wife for its compensation. The hospital bill, which appears in evidence, it is true does not bear the husband's name, but, as explained on the trial, that statement was merely a transcript of an account to show the charges made and the services rendered, and was received in evidence as *prima facie* evidence that the services were rendered.

The fact that the husband's name did not appear on the exhibit does not relieve the husband from liability where he is liable for necessaries. (*Best & Co.* v. *Cohen,* 174 N. Y. Supp. 639; *Thrall Hospital* v. *Caren,* 140 App. Div. 171.)

For the reasons stated the judgment in favor of the respondent should be reversed and a new trial granted, with costs to abide the event.

Submit order.