CATHERINE A. TAYLOR, Plaintiff, *v.* ROBERT G. BROWN, Defendant.

Municipal Court of the City of Syracuse, July 29, 1949.

*Hamilton S. White, Jr.,* for plaintiff.

*Jerome H. Searl* for defendant.

SKERRITT, J.   This is an action to recover $500 for numerous articles and services furnished by the plaintiff to her invalid sister, the defendant's wife, when she was ill at a hospital. I find from the evidence that these items should be classified as necessaries only to the extent of $150; and that all other items were such as could not be considered necessaries under the circumstances. Also that when these necessaries were being furnished by the plaintiff, the defendant and his wife were living apart by mutual consent, as a result of a temporary disagreement. It does not appear that the defendant was unable or unwilling to furnish necessaries at this time, though he did not contribute to the support of his wife when she was being cared for at the hospital.

Also I find that the plaintiff never at any time extended credit to the defendant; that all of these necessaries were furnished by the plaintiff voluntarily as gifts to her sister, and not with the intention of charging any of them against the defendant; and that the plaintiff's subsequent decision to hold him responsible was an afterthought. Under such circumstances the plaintiff cannot recover. Where it does not appear that the husband is unable or unwilling to furnish necessaries, and where the plaintiff has furnished them to the wife, either as a gift or upon her credit, and not by extending credit to the husband, the plaintiff cannot thereafter ignore the original transaction and hold the husband liable. (*Byrnes* v. *Rayner,* 84 Hun 199; *Rosenfeld* v. *Peck,* 149 App. Div. 663; *Tiemeyer* v. *Turnquist,* 85 N. Y. 516; *Wickstrom* v. *Peck,* 179 App. Div. 855.)

Of course a husband is legally bound to support his wife according to his financial ability and their station in life (*Keller* v. *Phillips,* 39 N. Y. 351; *De Brauwere* v. *De Brauwere,* 203 N. Y. 460.) And if she is destitute a third person may supply her with necessaries and hold the husband responsible, usually upon the theory of her implied authority to pledge her husband's credit. But where the husband has not failed to perform this duty she cannot pledge his credit. In such case a third person supplies her with necessaries at his own risk. (*Wanamaker* v. *Weaver,* 176 N. Y. 75.)

Where a husband and wife are living apart, the plaintiff in an action against the husband for necessaries is usually required to prove that the wife was not suitably provided for. (*Farquharson* v. *Brokaw*, 67 Misc. 277, affd. 142 App. Div. 898.) And while it is presumed that necessaries furnished to a wife, living with her husband, are furnished upon his credit, it is always possible for the wife to charge herself personally. (Domestic Relations Law, § 55; *Valois* v. *Gardner*, 122 App. Div. 245.) In any case the important question as to whether the plaintiff extended credit to the wife or to the husband is a question of fact for the jury. (*Wickstrom* v. *Peck*, 163 App. Div. 608.)

As to the undisputed fact in the instant case that the husband knew about these gifts to his wife, from time to time as she received them, and that he made no objection or comment, I think he incurred no liability by silence when he was not consulted. (*Star Vacuum Stores* v. *Bisslessi*, 192 Misc. 807.) To raise an acceptance or estoppel by mere silence in this case there must have been a duty to speak, and failure to do so must have operated to mislead. (*Smith* v. *Vara*, 136 Misc. 500; *More* v. *New York Bowery Fire Ins. Co.*, 130 N. Y. 537.) In my opinion, the defendant was under no duty to speak, and his silence was not misleading.

Complaint dismissed. Judgment for defendant, with costs.