BEEKMAN DOWNTOWN HOSPITAL, Plaintiff, *v.* WILLIAM MURPHY, Defendant.

Municipal Court of the City of New York, Borough of Manhattan, April 8, 1952.

*Emanuel Hayt* for plaintiff.

*Jacob D. Fuchsberg* and *Jules L. Gerver* for defendant.

SCHWEITZER, J. This is an action brought by the plaintiff to recover the sum of $1,707.23 for certain hospital and medical services rendered by the plaintiff at the express or implied request of the defendant.

It appears that the defendant was seriously injured on July 7, 1951, while attending a theatre, at which time he is alleged to have tripped on a mat in the theatre lobby. He was taken by ambulance to the Beekman Downtown Hospital, the plaintiff herein, on said date where he remained until July 28, 1951. During the course of his stay at the hospital, the defendant concededly received twenty-two days of hospital attention, including his board, routine nursing, ordinary dressings and drugs. In addition thereto special services were rendered in the nature of X rays, electrocardiograms, laboratory tests and the administration of special medicines. The X ray disclosed that the defendant had sustained a fracture of the head of the humerus and a dislocation of the left shoulder. In addition to these injuries, which resulted from his accident, the defendant had, for many years prior thereto, been suffering and is still suffering from hypertension and arteriosclerotic heart disease.

On July 7, 1951, the hospital deemed it advisable to operate on the defendant and Drs. Blieden and Klebanoff reduced the fracture of the head of the humerus, which had become complicated by an impaction of the shaft of the humerus into the head of the humerus. On July 17th these surgeons deemed it necessary to conduct a second operation in order to correct the position of the bones, after which a hanging cast was applied to the defendant's arm.

The defendant was discharged on July 28, 1951, after which the defendant attended the out-patient department of the fracture clinic of the plaintiff hospital to August 21, 1951. On this latter date the defendant called at the hospital with a history of having slipped on a step in his home, which resulted in an injury to his right leg and buttock. He was readmitted on such date and claim is made for the second period of his hospitalization from August 21, 1951, up to September 15, 1951, a period of twenty-six days.

During this second period of hospitalization, the plaintiff received the routine bed, board and nursing treatment, X rays, physiotherapy treatments, special medicines, drugs, laboratory services and special medical and surgical treatment. Part of this latter treatment consisted of an operation for the evacuation of a hematoma.

An examination of the bill of particulars reveals that the defendant, at one time or another during the two periods of hospitalization received medical or surgical care from seven physicians and surgeons, including the witness, Dr. Payson.

The defendant concedes that all charges are fair, reasonable and recoverable, excepting items Nos. 1, 2 and 4 of paragraph III and paragraph V of the bill of particulars, all of which are charges for surgical services. The objection to these charges is primarily based upon the fact that the plaintiff is not the real party in interest and that if a recovery was allowed to the plaintiff, it would not be a bar to an independent action brought by the surgeons for such services.

Concededly the defendant was an ambulance patient treated in the ward of the plaintiff hospital; as such he " has no freedom of choice or of contract or terms in respect of a physician who attends him at such hospital." (*Roosevelt Hosp.* v. *Loewy*, 185 Misc. 113, 114.) It would appear, therefore, that there is no contractual relationship, either express or implied in law, upon which any such treating surgeon could predicate a cause of action against a ward patient.

This principle would apparently not prevail in a private proprietary hospital where an admitting patient selects his own physician and where accommodations are characterized as either private or semiprivate rooms. In such case a hospital is barred from recovering for physicians' services. (*Daly's Astoria Sanitorium* v. *Blair*, 161 Misc. 716.)

Our courts have held further that where an individual of substantial financial means has, through fraud, and misrepresentation gained admittance to ward accommodations in a hospital, supported by public or charitable funds, such a patient would be liable to a physician or surgeon for all reasonable charges. (*Matter of Agnew*, 132 Misc. 466, 811.)

Having disposed of the primary objection of the defendant, the court has only to consider whether or not the plaintiff has sustained its burden of establishing just and legal charges for the surgical services incurred by this defendant. I am satisfied that adequate and sufficient proof with respect to such charges was presented by Dr. Payson. (*Roosevelt Hosp.* v. *Begley*, 92 N. Y. S. 2d 793; *Goldwater* v. *Citizens Cas. Co.*, 7 N. Y. S. 2d 242, affd. 36 N. Y. S. 2d 413; *Hughes* v. *Nelson*, 178 Misc. 456; *Matter of Regan*, N. Y. L. J., Aug. 12, 1942, p. 329, col. 2; *Matter of Norman*, N. Y. L. J., Oct. 20, 1942, p. 1099, col. 5.)

I find, therefore, that the plaintiff is entitled to a judgment against the defendant for the sum of $1,707.23, together with interest from September 15, 1951, as demanded in the complaint. Ten days' stay.