Samuel A. Spiegel, J.
This action is brought against husband and wife for necessaries purchased by the latter. The wife has defaulted in appearing for trial and the action has been severed as to her. A trial was had before me against the husband.
It appears that the wife in 1955 opened a charge account with the plaintiff department store on her own application which was accepted after a credit check of the defendant husband. A so-called “ credit coin ” was issued for use by either the wife or husband. Various charges were made on this account in 1956, 1957 and 1958 upon purchases apparently made solely by the wife which were paid for. However, there was a balance due for purchases made prior to August 26, 1958 of $28.82 and for purchases made subsequent thereto in the amount of $210.33. On August 26, 1958, the husband telephoned the plaintiff and informed it that he would not be responsible for his wife’s obligations. It is not disputed that such communication was received by plaintiff since a notation on a ledger card pertaining to this account indicates that such was the case. Also, a letter by defendant’s attorney, dated the same day, sent to plaintiff’s credit department and to the same effect as the said telephone *798 communication, was received by plaintiff on August 27, 1958. It is contended by the plaintiff that the account was not closed until “ two or three days ” after receipt of the written communication since, due to the intricacies of a large department store operation, it takes that long to effectively process the closing of an account. It appears that purchases were made on August 27, 1958 and up to and including August 30, 1958, The defendant rested on the plaintiff’s case and moved to dismiss the action on the following grounds: there was no proof of delivery; that goods were not purchased at an agreed value or price; that plaintiff failed to prove that the items purchased were necessaries ; that the notice given plaintiff effectively terminated his liability for any purchases made thereafter.
There is evidence that the items purchased in August of 1958 were largely items of ladies’ wearing apparel which I hold, in the absence of any proof to the contrary, to be “ necessaries ” in the usual sense of the word (see Gimbel Bros. v. Steinman, 202 Misc 858, 861). I also conclude that the purchases were made at an agreed price since the wife presumably had possession of the “ credit coin ” or credit card which would necessarily have to be presented at the time of purchase for a charge to be made to the account, and the wife would also have to sign the sales slip at the time of purchase. There is nothing to rebut the presumption created herein that the wife made the subject purchases.
There is no affirmative evidence that the husband and wife were living separate and apart from each other in August of 1958. The attorney for defendant’s letter of August 26, 1958 merely indicates that there were “marital disputes” between the husband and wife. However, that letter stated the husband was paying the wife a ‘ ‘ weekly sum sufficient to enable her to pay for her necessities in cash.”
Whether the court considers the case on the premise that the husband and wife were living apart from each other or together, the plaintiff would still bear the burden of proof in certain respects as hereinafter indicated when the notice not to extend credit to the wife was given as admitted herein. In the case of Gimbel Bros. v. Steinman (supra, pp. 862-863) Judge Starke dealt with this question as to the storekeeper’s burden of proof where similar notice was given. “ Where the husband and wife are living together and the storekeeper sells goods to the wife on her husband’s account, after receiving notice not to do so and being informed by the husband that he is providing her with necessaries, the storekeeper assumes a risk in selling and must be prepared to take the burden of proving the following in *799 order to recover: (1) either a subsequent promise by him to pay, or that the goods sold were ‘ necessaries,’ and (2) that the husband failed to provide her with those necessaries or with sufficient funds to purchase them ” (B. Altman & Co. v. Durland [185 App. Div. 114]; Keller v. Phillips [39 N. Y. 351]; Klopfer v. Mittenthal, 117 N. Y. S. 93) 11 where husband and wife are living apart, while neither the notice not to extend credit nor the order to close the account relieves him of his liability for necessaries, such notice or order officially puts the storekeeper on notice that the couple may be living apart, in which event the burden of proof is transferred to the storekeeper. Where the husband and wife are living apart, the storekeeper has the burden of proving that the purchases were necessaries and that the husband did not suitably provide for the wife (Constable v. Rosener, 82 App. Div. 155, 158; Taylor v. Brown [195 Misc. 840]; Farquharson v. Brokaw, 67 Misc. 277, affd. 142 App. Div. 898); in such a case the storekeeper supplies her with necessaries at his own risk (Wanamaker v. Weaver, 176 N. Y. 75).”
The plaintiff has not shown that the defendant husband has failed to provide his wife with those necessaries or with sufficient funds to purchase them. Accordingly, plaintiff has not met its burden of proof in this regard.
Upon the question as to when the notice given herein became operative, the court is not apprised or aware of any precedent governing this situation. However, it would appear that the notice on August 26,1958, would have at least become operative and binding upon the day following its receipt, i.e., August 27, 1958. Regardless of the enormity of plaintiff’s operation, containing as it does ‘ ‘ 600 departments and 300 service units, ’ ’ and the difficulty it may encounter in stopping credit purchases in a particular account, it should have no less a burden than a bank when it is in receipt of a notice such as a “ Stop Payment ” given by a depositor. Clearly a bank in that situation, absent any contract provisions with its depositor or other extenuating circumstance, would be obliged to honor such request or order forthwith, and would undoubtedly be liable for payment of check upon the next business day after receipt of such a notice to stop payment thereon. The plaintiff here, finding it economically advantageous to give credit on a broad scale, should be no less accountable in this situation.
There is no basis for the second cause of action upon account stated since an account stated only determines the amount of the debt where a liability exists, and cannot be made to create a liability per se where none before existed (Burroughs Adding *800 Mach. Co. v. Hosack, 224 App. Div. 583, affd. 251 N. Y. 527). Said cause of action is, accordingly, dismissed.
I therefore find that the defendant husband is only liable for those purchases made prior to August 27, 1958. Judgment is rendered in favor of the plaintiff in the sum of $28.82, with appropriate interest.